Filed 7/19/13  Lee v. Rich CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| YUNG-SHEN STEVEN LEE, | |
| Cross-complainant and Respondent, | G047047 |
| v. | (Super. Ct. No. 30-2009-00271288) |
| HOWARD RICH, | O P I N I O N |
| Cross-defendant and Appellant. | |

Appeal from orders of the Superior Court of Orange County, Corey S. Cramin, Judge.  Appeal dismissed.

Law Office of Mitchel J. Ezer and Mitchel J. Ezer for Cross-defendant and Appellant.

Law Offices of Niall Sweetnam, Niall Sweetnam; Oswald & Yap and Andrew H. Do for Cross-complainant and Respondent.

\*          \*          \*

## INTRODUCTION

Howard Rich purchased a single-family residence at an execution sale conducted to satisfy a judgment against Yung-Shen Steven Lee. Rich was a third party purchaser; the plaintiff and judgment creditor was Spyglass Hill Community Association (the HOA), which managed the common interest development of which the residence was a part. After the sale, the trial court granted Lee's motion to vacate the judgment on the ground it had been obtained by the HOA through fraud. Soon thereafter, the court granted Lee's motion for restitution and cancelled the sheriff's deed to Rich. Although Rich was not a party to the HOA's judgment against Lee, Rich moved for reconsideration of the order vacating the judgment. The trial court denied the motion for reconsideration.

Rich appeals from two orders: (1) the order denying his motion for reconsideration and (2) the order granting Lee's motion for restitution and cancellation of the sheriff's deed of sale.

After the matter was briefed, we issued an order stating we were considering whether to dismiss the appeal for lack of jurisdiction and inviting the parties to submit supplemental letter briefs addressing three issues of appellate jurisdiction. Both Rich and Lee filed supplemental letter briefs, which we have considered. We conclude we have no jurisdiction over this appeal and decline to treat it as a petition for writ of mandate. The appeal is therefore dismissed.

## RELEVANT FACTS AND PROCEDURAL HISTORY

In 1991, Lee purchased a single-family home in Corona del Mar. The home is part of a common interest development formed pursuant to the Davis-Stirling Common Interest Development Act (Civ. Code, § 1350 et seq.). The common interest development is managed by the HOA, which was established pursuant to a declaration of covenants, conditions, and restrictions.

2

Beginning in April 2007, Lee ceased paying the HOA assessments. Over the next two years, the HOA sent Lee notices of delinquency, intent to record a lien, and lien recordation. In June 2009, the HOA sent Lee an assessment invoice advising that his delinquency balance was $7,283.49.

In May 2009, the HOA filed a lawsuit against Lee for, among other things, foreclosure of the assessment lien. Thereafter, attempts were made to serve process on Lee. In November 2009, the HOA filed an ex parte application for publication of summons, which included a declaration from a registered process server. In June 2010, the HOA obtained by default a judgment of foreclosure of the assessment lien against Lee. The notice of entry of judgment was served on Lee by mail.

A writ of execution issued in October 2010. In June 2011, a sheriff's deputy posted a notice of sheriff's sale under foreclosure on the front door of the home. The notice advised that the home would be sold at auction to the highest bidder on July 14, 2011.

Rich learned of the sale about three weeks before the scheduled date by obtaining a copy of the notice of sale posted outside of the Orange County Sheriff's Office. He and four other bidders attended the sale on July 14. The bidding opened at the amount of the judgment ($19,578.32) and overbids increased in $5,000 increments. Bidding continued until Rich made a bid of $210,000. No one outbid him, and the property was sold to him for that amount. Rich immediately paid the required 10 percent deposit by cashier's check and paid the balance at the end of the three-month redemption period.

In November 2011, Rich received a sheriff's deed to the home. He obtained an unlawful detainer judgment by default against Lee, who had vacated the property.

In February 2012, Lee filed a motion to set aside and vacate the default judgment obtained by the HOA. Lee argued, in essence, the HOA's attorney lied and misled the court into granting the order for service by publication. The HOA, represented by new counsel, opposed the motion. Lee and the HOA submitted declarations and evidence to support their respective positions. Rich was not served with the motion.

On March 8, 2012, the trial court granted Lee's motion to set aside and vacate the judgment, ordered the judgment against Lee vacated, and granted him leave to answer. Lee filed his answer and a cross-complaint against the HOA the next day.

On March 23, 2012, Lee filed an amended cross-complaint against the HOA, Rich, and the Orange County Sheriff. The only recovery sought by Lee was restitution of the amount of the judgment ($19,578.32).

On March 27, 2012, Lee filed his motion for restitution and to cancel the sheriff's deed. The motion sought restitution of $19,578.32 from the HOA and cancellation of the sheriff's deed issued to Rich. Rich made his first formal appearance in the action by opposing the motion. The HOA also filed opposition to the motion for restitution and to cancel the sheriff's deed.

On April 17, 2012, Rich filed his motion for reconsideration of the order setting aside and vacating the default judgment against Lee.

On April 19, 2012, the trial court granted Lee's motion for restitution and cancellation of the sheriff's deed of sale. The court ordered that the sheriff's deed issued to Rich be cancelled as "void *ab initio*" and that restitution be made to Rich.

On May 3, 2012, the trial court denied Rich's motion for reconsideration for three reasons: (1) the declaration submitted by the HOA's former counsel to obtain an order for publication of summons was false; (2) the motion for reconsideration was untimely; and (3) the motion for reconsideration raised no new factual or legal issues. The court also questioned whether Rich had standing to bring the motion.

4

On May 7, 2012, Rich filed a "Cross-complaint to Amended Cross-complaint" asserting a cause of action for quiet title against Lee. Rich's cross-complaint alleged, as the basis for title, the sheriff's certificate of sale of real property and the sheriff's deed of sale. Rich contended that under Code of Civil Procedure section 701.680, subdivision (a), his purchase of the home at the sheriff's sale was "absolute and may not be set aside for any reason."

## DISCUSSION

### I. Order Denying Motion for Reconsideration

Code of Civil Procedure section 1008, subdivision (g) states: "An order denying a motion for reconsideration made pursuant to subdivision (a) is not separately appealable. However, if the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order."

The order denying Rich's motion for reconsideration is not appealable. The motion sought reconsideration of the order granting Lee's motion to vacate the judgment. Some appellate court opinions have concluded an order granting a motion to vacate a judgment is appealable. (E.g., *Concerned Citizens Coalition of Stockton v. City of Stockton* (2005) 128 Cal.App.4th 70, 80; *County of Stanislaus v. Johnson* (1996) 43 Cal.App.4th 832, 834.) Rich did not, however, appeal from the order vacating the judgment against Lee. An order denying a motion for reconsideration is never separately and independently appealable: Code of Civil Procedure section 1008, subdivision (g) does not say denial of a motion for reconsideration is separately appealable *if* the order that was the subject of reconsideration is appealable. Section 1008, subdivision (g) says denial of a motion for reconsideration is *reviewable* as *part of an appeal* from an order that is appealable.

5

## II. Order Granting Motion for Restitution
## and Cancellation of Sheriff's Deed of Sale

The right to appeal is conferred by statute. (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5.) Code of Civil Procedure section 904.1, subdivision (a) lists appealable judgments and orders. An order granting a motion for restitution and cancellation of a sheriff's deed of sale is not among them.

In determining whether a particular order is appealable, its substance and effect, rather than its label, are determinative. (*Dana Point Safe Harbor Collective v. Superior Court*, *supra*, 51 Cal.4th at p. 5.) Rich argues the order granting Lee's motion for restitution and cancellation of the sheriff's deed of sale is the functional equivalent of a final judgment because the order cancels the sheriff's deed and transfers the property back to Lee.

Rich filed a cross-complaint against Lee for quiet title and that cross-complaint remains pending. A judgment that does not resolve all cross-complaints between the parties is not appealable. (*Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725; *Angell v. Superior Court* (1999) 73 Cal.App.4th 691; *Don Jose's Restaurant, Inc. v. Truck Ins. Exchange* (1997) 53 Cal.App.4th 115.) Rich acknowledges the cross-complaint has not been resolved or dismissed. He asserts the cross-complaint "no longer serves any purpose and therefore should be dismissed"; however, he has not dismissed the cross-complaint, and its pendency deprives us of appellate jurisdiction.

We decline to exercise our discretion to treat the appeal as a petition for writ of mandate. Rich's briefs do not include in substance the elements of a petition for writ of mandate. (*Olson v. Cory* (1983) 35 Cal.3d 390, 401.) In particular, Rich has made no showing he would suffer irreparable injury by waiting until resolution or dismissal of his cross-complaint before appealing from the order granting the motion for restitution and cancellation of the sheriff's deed of sale.

## DISPOSITION

The appeal is dismissed.  Respondent shall recover costs incurred on appeal.


FYBEL, J.

WE CONCUR:


MOORE, ACTING P. J.


THOMPSON, J.