[No. S180365. Dec. 9, 2010.]

DANA POINT SAFE HARBOR COLLECTIVE, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
CITY OF DANA POINT, Real Party in Interest. [And four related cases.*]

---

   *The Point Alternative Care, Inc., v. Superior Court (City of Dana Point, Real Party in Interest) (Orange County Super. Ct. No. 30-2009-00298187; Ct.App. 4/3, No. G042893 [S180468]); Holistic Health v. Superior Court (City of Dana Point, Real Party in Interest) (Orange County Super. Ct. No. 30-2009-00298196; Ct.App. 4/3, No. G042883 [S180560]); Beach Cities Collective v. Super. Ct. (Orange County Super. Ct. No. 30-2009-00298208; Ct.App. 4/3, No. G042880 [S180749]); Dana Point Beach Collective v. Super. Ct. (Orange County Super. Ct. No. 30-2009-00298206; Ct.App. 4/3, No. G042889 [S180803]).

## COUNSEL

Evans, Brizendine & Silver and William D. Evans for Petitioner Dana Point Safe Harbor Collective.

Lee J. "Petros" Petrohilos and Christopher Glew for Petitioner The Point Alternative Care.

Alison Minet Adams for Petitioner Holistic Health, Inc.

Law Offices of Jacek W. Lentz, Jacek W. Lentz and Jackie-Lynn Adams for Petitioner Beach Cities Collective.

Logan Retoske and Garfield Langmuir-Logan for Petitioner Dana Point Beach Collective.

No appearance for Respondent.

Rutan & Tucker, A. Patrick Munoz and Jennifer Farrell for Real Party in Interest.

**4**

## OPINION

**MORENO, J.**—The question posed by these consolidated cases is whether a trial court's order compelling compliance with a legislative subpoena (Gov. Code, § 37104 et seq.) is appealable. We conclude that it is. Accordingly, we reverse the orders dismissing these appeals and remand the cases to the Court of Appeal for further proceedings.

### FACTS AND PROCEDURAL HISTORY

Government Code section 37104 gives cities the power to issue legislative subpoenas.[1] In 2009, the City of Dana Point (the City) subpoenaed documents from five medical marijuana dispensaries: Dana Point Safe Harbor Collective, The Point Alternative Care, Inc., Beach Cities Collective, Dana Point Beach Collective, and Holistic Health, Inc. (collectively dispensaries). The purpose of the subpoenas was to "gather[] information that could assist the City with its investigation as to whether medical marijuana dispensaries located in the City [were] in compliance with applicable law." The subpoenas requested documents related to all aspects of the dispensaries' business activities, including their business licenses, payroll arrangements, and purchasing activities, and information about their members. Though some of the dispensaries partially responded to the subpoenas, all of the dispensaries objected to production of much of the requested information.

When the dispensaries refused to produce the requested documents, the City's mayor reported that fact to the superior court, as required by the relevant statute. The superior court held a hearing to determine whether the dispensaries were required to comply with the subpoenas. Following the hearing, the court issued a single "Final Ruling" applicable to all five dispensaries. In that document, the court found "that the City's subpoenas were properly served in the furtherance of a proper legislative purpose" and ordered the dispensaries to comply with the subpoenas, subject to a protective order.

The dispensaries separately appealed the order. The Court of Appeal dismissed the appeals on the ground that the order was not appealable. The dispensaries sought review on the question of appealability. We granted review to resolve a split among the Courts of Appeal on that issue.

---

[1] Unless otherwise stated, statutory references are to the Government Code.

## DISCUSSION

### A. General Principles of Appealability

██ The right to appeal is wholly statutory. (*Powers v. City of Richmond* (1995) 10 Cal.4th 85, 108 [40 Cal.Rptr.2d 839, 893 P.2d 1160].) Code of Civil Procedure section 904.1 lists appealable judgments and orders. Chief among them is a "judgment" that is not interlocutory, e.g., a final judgment.[2] A judgment is the final determination of the rights of the parties (Code Civ. Proc., § 577) " ' "when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined." ' " (*Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 304 [63 Cal.Rptr.2d 74, 935 P.2d 781], quoting *Doudell v. Shoo* (1911) 159 Cal. 448, 453 [114 P. 579].) " 'It is not the form of the decree but the substance and effect of the adjudication which is determinative. As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that *where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final*, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory.' " (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 698 [107 Cal.Rptr.2d 149, 23 P.3d 43], italics added, quoting *Lyon v. Goss* (1942) 19 Cal.2d 659, 670 [123 P.2d 11].)

As we explained in *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725 [29 Cal.Rptr.2d 804, 872 P.2d 143], the purpose of the final judgment rule is to prevent " 'piecemeal disposition and multiple appeals' " which " 'tend to be oppressive and costly. [Citation.] Interlocutory appeals burden the courts and impede the judicial process in a number of ways: (1) They tend to clog the appellate courts with a multiplicity of appeals. . . . (2) Early resort to the appellate courts tends to produce uncertainty and delay in the trial court. . . . (3) Until a final judgment is rendered the trial court may

---

[2] Code of Civil Procedure section 904.1, subdivision (a) provides: "An appeal, other than in a limited civil case, is to the court of appeal. An appeal, other than in a limited civil case, may be taken from any of the following:

"(1) From a judgment, except (A) an interlocutory judgment, other than as provided in paragraphs (8), (9), and (11), or (B) a judgment of contempt that is made final and conclusive by Section 1222. [¶] . . . [¶]

"(8) From an interlocutory judgment, order, or decree, hereafter made or entered in an action to redeem real or personal property from a mortgage thereof, or a lien thereon, determining the right to redeem and directing an accounting.

"(9) From an interlocutory judgment in an action for partition determining the rights and interests of the respective parties and directing partition to be made. [¶] . . . [¶]

"(11) From an interlocutory judgment directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000)."

completely obviate an appeal by altering the rulings from which an appeal would otherwise have been taken. [Citations.] (4) Later actions by the trial court may provide a more complete record which dispels the appearance of error or establishes that it was harmless. (5) Having the benefit of a complete adjudication . . . will assist the reviewing court to remedy error (if any) by giving specific directions rather than remanding for another round of open-ended proceedings.' [Citation.]" (*Id.* at p. 741, fn. 9.) We address the appealability of subpoenas under section 37104 with these principles in mind.

### B. *Application*

■ "It long has been recognized that a legislative body may conduct an investigation in order to assist its decisionmaking regarding legislative or appropriative matters." (*Connecticut Indemnity Co. v. Superior Court* (2000) 23 Cal.4th 807, 814 [98 Cal.Rptr.2d 221, 3 P.3d 868].) The broad subpoena power set forth in section 37104 et seq. is in aid of the legislative power of inquiry. (*Connecticut Indemnity Co. v. Superior Court*, 23 Cal.4th at p. 813.)

■ Section 37104 provides: "The legislative body may issue subpenas[3] requiring attendance of witnesses or production of books or other documents for evidence or testimony in any action or proceeding pending before it." In the event a witness declines to comply with the subpoena, "the mayor shall report the fact to the judge of the superior court of the county." (§ 37106.) "The judge shall issue an attachment directed to the sheriff of the county where the witness was required to appear, commanding him to attach the person, and forthwith bring him before the judge." (§ 37107.) "On return of the attachment and production of the witness, the judge has jurisdiction." (§ 37108.) Refusal to comply with a subpoena may subject the witness to contempt proceedings, in which case the witness has the same rights the witness would have in a civil trial "to purge himself of the contempt." (§ 37109.)

The City issued subpoenas and obtained compliance orders pursuant to this statutory scheme. Whether those orders are appealable as a final judgment under Code of Civil Procedure section 904.1, subdivision (a) turns on

---

[3] This spelling of subpoena "was, until 1986, the spelling recommended by the *Government Printing Office Style Manual. Subpoena*, however, is by far the more common spelling and for that reason alone is to be preferred. The form with the digraph *œ* (*\*subpoena*) is pedantic at best in modern writing." (Garner, Garner's Modern American Usage (3d ed. 2009) p. 782.)

whether they terminate the litigation between the parties, leaving only the issue of compliance or noncompliance. Much of the case law on this question involves administrative subpoenas. They are analogous to legislative subpoenas but issued by administrative agencies. (See, e.g., Gov. Code, §§ 11180–11191.) On the question of whether such compliance orders are appealable, the Courts of Appeal are divided, with the evolving view favoring appealability.

■ Although this court has yet to weigh in on the issue, we have sometimes assumed without deciding that an order compelling compliance with an administrative subpoena is appealable. (See, e.g., *Arnett v. Dal Cielo* (1996) 14 Cal.4th 4, 18 [56 Cal.Rptr.2d 706, 923 P.2d 1] [noting that the parties did not question the Court of Appeal's conclusion that such orders are appealable]; *Younger v. Jensen* (1980) 26 Cal.3d 397 [161 Cal.Rptr. 905, 605 P.2d 813] [addressing merits of appeal without discussion of the appealability issue].) These opinions, of course, are not authority for a proposition they did not directly address. (*People v. Toro* (1989) 47 Cal.3d 966, 978, fn. 7 [254 Cal.Rptr. 811, 766 P.2d 577].)

In *Gue v. Dennis* (1946) 28 Cal.2d 616 [170 P.2d 887], we considered the appealability of an order compelling compliance with an administrative subpoena under Labor Code section 92. That order required the defendant contractor to comply with the Labor Commissioner's subpoenas within a certain period of time " 'or be adjudged in contempt.' " (*Gue*, at p. 617.) In a five-paragraph opinion, we held that such an order was unappealable because "an order directing compliance, *which expressly contemplates a further order*, is intermediate in character . . . ." (*Ibid.*, italics added.) As we later noted, however, *Gue*'s conclusion applies only where the court's order "specifically states that further proceedings in contempt are contemplated." (*Agricultural Labor Relations Bd. v. Tex-Cal Land Management, Inc.* (1987) 43 Cal.3d 696, 703 [238 Cal.Rptr. 780, 739 P.2d 140] (*Tex-Cal*).) That is not the case before us and *Gue* is thus not controlling.

In the Courts of Appeal, three Second Appellate District decisions have held that orders enforcing administrative subpoenas are not appealable. (*Bishop v. Merging Capital, Inc.* (1996) 49 Cal.App.4th 1803 [57 Cal.Rptr.2d 556] (*Bishop*); *People ex rel. Franchise Tax Bd. v. Superior Court* (1985) 164 Cal.App.3d 526 [210 Cal.Rptr. 695]; *Barnes v. Molino* (1980) 103 Cal.App.3d 46 [162 Cal.Rptr. 786].) Only one of those decisions—*Bishop*—provides any meaningful analysis of the issue.[4]

---

[4] *Barnes v. Molino, supra,* 103 Cal.App.3d 46, which involved an appeal from an order to comply with administrative subpoenas issued by the Commissioner of Corporations, summarily concluded that such orders are not appealable, stating that an administrative subpoena "is not one of the orders listed as appealable in Code of Civil Procedure section 904.1. It is not a

*Bishop* involved an appeal by Merging Capital, Inc. (MCI), a corporation, and Link 900 Partners (Link), a general partnership, of an order compelling compliance with an administrative subpoena issued by the Department of Corporations (DOC). Although both sides urged the appellate court to treat the order as appealable, the court declined to do so and dismissed the appeal. (*Bishop, supra*, 49 Cal.App.4th at p. 1805.) The court noted that such orders are not specified as appealable orders under Code of Civil Procedure section 904.1. It considered and rejected as not binding decisions by this court and other Courts of Appeal that had assumed, without deciding, that such orders are appealable. (*Bishop*, at pp. 1806–1807.) It went on to reject as inapposite our discussion in *Olson v. Cory* (1983) 35 Cal.3d 390 [197 Cal.Rptr. 843, 673 P.2d 720], about the appealability of declaratory judgments because "we are not called upon to apply the general test of appealability of a declaratory judgment, which, if final, is specifically appealable pursuant to Code of Civil Procedure section 904.1, subdivision (a). Rather, we must determine whether an order to compel, which is not made appealable by statute, is nonetheless an appealable order." (*Bishop, supra*, 49 Cal.App.4th at p. 1808.)

The decisive factor in the court's conclusion that an order compelling compliance with an administrative subpoena is not appealable was its assertion that MCI and Link had not yet suffered an adverse consequence as the result of the order. "[I]n this case, MCI and Link were ordered to produce documents, they did not comply with that order, and nothing happened. . . . Consequently, any ruling rendered by this court would be in the nature of an advisory opinion. That is to say, if we were to rule in favor of the DOC, we would simply be advising the appellants that, if the DOC pursues contempt proceedings, and the trial court finds MCI and Link in contempt, we will uphold that ruling on appeal. Similarly, our decision in favor of appellants would amount to no more than our advice to the DOC that contempt proceedings will ultimately prove fruitless." (*Bishop, supra*, 49 Cal.App.4th at p. 1808.)

*Bishop*'s analysis was examined and rejected in *City of Santa Cruz v. Patel* (2007) 155 Cal.App.4th 234 [65 Cal.Rptr.3d 824] (*Patel*), which specifically considered whether an order compelling compliance with a legislative subpoena is appealable.[5] In *Patel*, the City of Santa Cruz obtained orders from

judgment within the definition of Code of Civil Procedure section 577 ('A judgment is the final determination of the rights of the parties in an action or proceeding') because it does not make a final determination of those rights . . . [citation]." (*Id.* at p. 51.) *People ex rel. Franchise Tax Bd. v. Superior Court, supra*, 164 Cal.App.3d 526, 535, simply followed *Barnes* without comment.

[5] Earlier decisions reaching the same conclusion with respect to administrative subpoenas did so without significant analysis. (*Millan v. Restaurant Enterprises Group, Inc.* (1993) 14 Cal.App.4th 477, 485 [18 Cal.Rptr.2d 198] ["Numerous cases, including cases from our Supreme Court, have decided appeals taken from similar orders on the merits without

the superior court directing nine hotels to comply with legislative subpoenas issued by the City pursuant to section 37104 et seq., requiring the production of records necessary for a tax compliance audit. Before addressing the merits of the dispute, the Court of Appeal took up the question of whether the orders were appealable. The court found that they were because the orders constituted a final judgment. "The superior court's order determined all of the parties' rights and liabilities at issue in the proceedings; the only determination left was the question of future compliance, which is present in every judgment. [Citation.] We conclude that the orders herein must be deemed final judgments and are, therefore, appealable pursuant to Code of Civil Procedure section 904.1, subdivision (a)(1)." (*Patel*, at p. 243.)

In reaching this conclusion, the court observed: "A judgment is the 'final determination of the rights of the parties in an action or proceeding.' (Code Civ. Proc., § 577.) The statutory scheme at hand provides for an original proceeding in the superior court, initiated by the mayor's report to the judge, which results in an order directing the respondent to comply with a city's subpoena. Indeed, the compliance order is tantamount to a superior court judgment in mandamus, which, with limited statutory exceptions, is appealable. [Citations.] Whether the matter is properly characterized as an 'action' (Code Civ. Proc., § 22) or a 'special proceeding' (*id.*, § 23), it is a final determination of the rights of the parties. It is final because it leaves nothing for further determination between the parties except the fact of compliance or noncompliance with its terms. [Citation.]" (*Patel, supra,* 155 Cal.App.4th at p. 242.)

*Patel* rejected the proposition advanced in *Bishop* that, unless and until there were further proceedings to enforce orders of compliance by way of contempt proceedings, the orders were not final. "The fact that an intransigent witness may be subject to a contempt order does not mean that the order compelling compliance is not final. The normal rule is that 'injunctions and

discussion of the appealability issue."]; *Wood v. Superior Court* (1985) 166 Cal.App.3d 1138, 1140 [212 Cal.Rptr. 811] ["the orders requiring compliance with the subpoenas are appealable as final judgments in special proceedings . . ."]; *Franchise Tax Board v. Barnhart* (1980) 105 Cal.App.3d 274, 277 [164 Cal.Rptr. 331] ["An order made under the authority of sections 11186–11188 requiring individual compliance with an administrative subpoena can be viewed as a final judgment in a special proceeding, appealable unless the statute creating the special proceeding prohibits such appeal."]; see also *City of Vacaville v. Pitamber* (2004) 124 Cal.App.4th 739 [21 Cal.Rptr.3d 396] [reaching merits of appeal from order compelling compliance with subpoena issued pursuant to § 37104 et seq.; no discussion of appealability].)

final judgments which form the basis for contempt sanctions are appealable. . . . The purpose of any judicial order which commands or prohibits specific conduct is to make the sanction of contempt available for disobedience. As we have noted, this fact does not render such an order "nonfinal," and thus nonappealable.' [Citation.]" (*Patel, supra,* 155 Cal.App.4th at p. 242, quoting *Tex-Cal, supra,* 43 Cal.3d at p. 704.) Indeed, as the court in *Patel* went on to explain, because a contempt judgment is not appealable, but reviewable only by a writ which may be summarily denied, "review of the underlying order [compelling compliance] can reliably be had only if that order is appealable." (*Patel, supra,* at p. 243.)

*Patel* was followed by *State ex rel. Dept. of Pesticide Regulation v. Pet Food Express* (2008) 165 Cal.App.4th 841 [81 Cal.Rptr.3d 486] (*Pet Food Express*), which involved an order compelling compliance with an administrative subpoena. On the threshold issue of appealability of the order, the court stated: "Like the legislative subpoena in *Patel, supra,* 155 Cal.App.4th at page 243, the trial court order in this case concerning an administrative subpoena determined all of the parties' rights and liabilities at issue in the proceeding; the only determination left was the question of future compliance, which is present in every judgment." (*Pet Food Express, supra,* 165 Cal.App.4th at p. 851.) The court went on to expressly decline to follow *Bishop* on the question of whether the order was final, finding "the reasoning of *Patel* . . . more persuasive." (*Pet Food Express,* at p. 852.) The court rejected the argument advanced by the Department of Pesticide Regulations that the order compelling compliance was analogous to a discovery order in civil litigation. "Such discovery orders, however, are made in connection with pending lawsuits which have yet to be resolved. A discovery order does not determine all of the parties' rights and liabilities at issue in the litigation. The Department argues the same applies here, because even with the documents the Department cannot impose administrative penalties unless an administrative hearing is held if such a hearing is requested. However, it is possible an administrative hearing may not be requested and, even if it is requested, it will not necessarily end up in court. In contrast to this case, pending civil litigation in which a discovery order occurs already involves the court and will continue to do so." (*Ibid.,* fn. omitted.)

Although not cited in *Pet Food Express* on this point, its conclusion that an administrative subpoena is not equivalent to a discovery order is consistent with *Arnett v. Dal Cielo, supra,* 14 Cal.4th 4. In *Arnett,* we held that an

administrative subpoena issued by the Medical Board of California was not a discovery request under Evidence Code section 1157, which exempts the records of a hospital peer review committee from discovery. (*Arnett*, at pp. 18–24.) We observed that, as used in that statute, discovery meant "a formal exchange of evidentiary information between parties to a pending action, and that meaning does not include a subpoena issued, as here, by an administrative agency for purely investigative purposes." (*Id.* at p. 24.)

*Pet Food Express* was followed in *People ex rel. DuFauchard v. U.S. Financial Management, Inc.* (2009) 169 Cal.App.4th 1502 [87 Cal.Rptr.3d 615] (*U.S. Financial Management*) which also involved an administrative subpoena. As was the case in *Patel* and *Pet Food Express*, the court rejected *Bishop*'s finality analysis: "In this case, the trial court's order compelling compliance with the Commissioner's administrative subpoena constituted a final determination of the parties' rights, notwithstanding the possibility that further proceedings might be required to gain U.S. Financial Management's compliance with that order. [Citation.] As such, the order constitutes an appealable final judgment pursuant to Code of Civil Procedure section 904.1, subdivision (a)(1)." (*U.S. Financial Management*, at p. 1511.)

█ Thus, every case after *Bishop* has rejected its finality analysis in the context of either legislative or administrative subpoenas. We agree with *Patel, Pet Food Express* and *U.S. Financial Management* that an order compelling compliance with such subpoenas is an appealable final judgment.[6] As noted, "[a] judgment is the final determination of the rights of the parties in an action or proceeding." (Code Civ. Proc., § 577.) We have repeatedly held that judgments are final when they leave nothing to the party against whom judgment is rendered except to comply. (*Griset v. Fair Political Practices Com., supra,* 25 Cal.4th 688, 698; *Tex-Cal, supra,* 43 Cal.3d at p. 703; *Olson v. Cory, supra,* 35 Cal.3d 390, 399; *Knodel v. Knodel* (1975) 14 Cal.3d 752, 761, fn. 11 [122 Cal.Rptr. 521, 537 P.2d 353]; *People v. Succop* (1966) 65 Cal.2d 483, 486 [55 Cal.Rptr. 397, 421 P.2d 405]; *Meehan v. Hopps* (1955) 45 Cal.2d 213, 217 [288 P.2d 267]; *In re L. A. County Pioneer Society* (1953) 40 Cal.2d 852, 858 [257 P.2d 1]; *Bakewell v. Bakewell* (1942) 21 Cal.2d 224, 227 [130 P.2d 975]; *Lyon v. Goss, supra,* 19 Cal.2d at p. 670.) The order here does exactly that. It concludes that the dispensaries must respond to the subpoenas, subject to a protective order. At no point does the order contemplate future proceedings nor otherwise indicate that it is not final. Thus, the order is final for purposes of appeal.

---

[6] Accordingly, we disapprove *Bishop v. Merging Capital, Inc., supra,* 49 Cal.App.4th 1803, *People ex rel. Franchise Tax Bd. v. Superior Court, supra,* 164 Cal.App.3d 526, and *Barnes v. Molino, supra,* 103 Cal.App.3d 46, to the extent they are inconsistent with our holding.

12

Moreover, the rule we adopt here is the same rule that applies in federal court. (*Reich v. National Engineering & Contracting Co.* (4th Cir. 1993) 13 F.3d 93, 96 ["orders enforcing subpoenas in connection with administrative investigations, by contrast, may be appealed immediately because there is no judicial proceeding in process that such appeals would delay"]; see also *ibid.* ["every court of appeals to address the appealability of orders enforcing subpoenas in various types of administrative investigations has determined that these orders are immediately appealable"].) "In light of all of these opinions, one leading treatise states that it has been 'a longstanding practice' to allow appeals from district court orders enforcing subpoenas issued in connection with administrative investigations. [15B Wright et al., Federal Practice and Procedure: Jurisdiction .(2d ed. 1992)] § 3914.26, at 193; *see also* 4 James W. Moore et al., *Moore's Federal Practice* ¶ 26.83[4], at 26-438 to 26-440 (1993) (indicating that, with limited exceptions that do not apply here, 'when an administrative agency initiates proceedings in the district court to enforce an administrative subpoena, the decision of the court . . . enforcing . . . the subpoena is final for purposes of appeal')." (*Reich, supra,* 13 F.3d at pp. 96–97, fn. omitted.) Our sister jurisdictions have reached the same result. (E.g., *Las Vegas Police Protective Assn. v. Dist. Court* (2006) 122 Nev. 230 [130 P.3d 182, 189] ["other jurisdictions have reached the same conclusion under similar finality requirements"]; see also *id.* at p. 189 & fns. 14–16 [citing cases].)

The City advances a number of arguments against finality based on the *potential* for future actions or proceedings. Central to the City's position is the notion that potential disputes over the scope of the compliance order with respect to particular records preclude deeming the order to be a final judgment. We disagree. The order directs the dispensaries to comply with the subpoenas, thus representing a rejection by the trial court of the various grounds advanced by the dispensaries—like the privacy interests of their customers—for refusing to turn over the records. Whether or not the parties haggle over the existence of a particular document does not undermine the finality of the order. Nor does the possibility that the dispensaries might simply defy the order and persist in refusing to turn over the records.[7]

---

[7] We reject the City's claim that deeming the compliance order to be appealable would "clog" the appellate courts because a noncompliant party might also seek review of a subsequent contempt order. The assertion is based on the speculative assumption that parties ordered to comply with an investigative subpoena would refuse to do so in such numbers that their petitions for writ review would create logjams in the appellate courts. Moreover, as noted, if the potential for later contempt proceedings were determinative of whether a judgment or order is appealable, no judgment or order would ever be final for purposes of appeal. This clearly is not the rule. (*Patel, supra,* 155 Cal.App.4th at p. 242.) For the same reason, we reject the City's perfunctory claim that, if there is no contempt order, there may be no need for appeal because the noncompliant party has not been harmed—finality does not hinge on whether a party is held in contempt.

Similarly, the possibility of further proceedings regarding the scope of the protective order does not affect the finality of the order. As noted in *Patel*, "the question of future compliance . . . is present in every judgment" (*Patel, supra*, 155 Cal.App.4th at p. 243), and if the potential for the sort of future proceedings described here were the standard for assessing finality, few judgments would ever be final.

The City also suggests that, because legislative subpoenas often precede lawsuits, a compliance order should be treated like a discovery order in a civil suit, which is not subject to appeal. As noted, both we in the *Arnett* decision and the Court of Appeal in the *Pet Food Express* decision have rejected the analogy between investigative subpoenas and discovery orders. (*Arnett v. Dal Cielo, supra*, 14 Cal.4th at p. 24; *Pet Food Express, supra*, 165 Cal.App.4th at p. 852.)[8]

Finally, the City argues that the ability of legislative bodies to conduct investigations using subpoenas will be compromised if compliance orders can be appealed, because of the delay that might result from such appeals. The City points out that, because of term limits, the body that issued the subpoena could be reconstituted while the order was on appeal and the new body might not wish to pursue the investigation. The fortuity of changes in the legislative body that issued the subpoena is not relevant to the legal question of whether such orders are appealable; that question turns, not on the tides of politics, but on whether the order is a final judgment, which it is.

In sum, the trial court's order enforcing the City's legislative subpoenas was a final judgment subject to appeal under Code of Civil Procedure section 904.1, subdivision (a)(1).[9]

---

[8] Even if this subpoena were akin to a discovery request, the appropriate analogy would be to discovery orders ancillary to cases pending in other jurisdictions, which have been held to be final judgments for purposes of appealability. (*Adams v. Woods* (1861) 18 Cal. 30; *H.B. Fuller Co. v. Doe* (2007) 151 Cal.App.4th 879, 885–886 [60 Cal.Rptr.3d 501]; *Warford v. Medeiros* (1984) 160 Cal.App.3d 1035, 1041 [207 Cal.Rptr. 94].)

[9] Our holding is limited to the question before us of whether a compliance order is appealable. We do not address the separate and distinct question of whether an appealing party is entitled to a stay of enforcement of the subpoena pending appeal. (See, e.g., *F.D.I.C. v. Garner* (9th Cir. 1997) 126 F.3d 1138, 1142 [reviewing an appeal from an order enforcing an administrative subpoena where a stay was denied]; *U.S. v. Judicial Watch, Inc.* (D.D.C. 2003) 241 F.Supp.2d 15, 17–18 [declining to grant a stay pending appeal of an Internal Revenue Service summons].)

## DISPOSITION

The orders dismissing the appeals are reversed and the matters are remanded to the Court of Appeal to consider the merits of the appeals.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Chin, J., and Corrigan, J., concurred.