Filed 7/23/13  Seibold v. County of Los Angeles CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| GUNTER SEIBOLD, | B243510 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. SC107640) |
| COUNTY OF LOS ANGELES, | |
| Defendant and Appellant. | |

APPEALS from a judgment of the Superior Court of Los Angeles County,

Richard E. Rico, Judge.  Dismissed and remanded with directions.

David M. Shaby II & Associates and David M. Shaby II for Plaintiff and

Appellant.

John F. Krattli, County Counsel, and Albert Ramseyer, Principal Deputy County

Counsel for Defendant and Appellant.

Gunther Seibold seeks a refund from the County of Los Angeles of possessory interest taxes relating to a ground lease and a hangar at the Santa Monica Municipal Airport. The trial court concluded that the ground lease was taxable but the hangar was not and entered a judgment awarding Seibold $738.06 plus interest and costs. The court denied Seibold's motion to set aside the judgment and enter a new judgment (Code Civ. Proc., § 663). Both sides appealed.

The county contends the hangar is a real property improvement and is assessable to Seibold as its owner. Seibold disputes this and contends he is entitled to a refund of all taxes illegally assessed through 2012. He also contends the judgment entered by the trial court fails to resolve all of the issues raised by his operative complaint. We agree with Seibold that the judgment fails to adjudicate his count for declaratory relief and therefore is not a final appealable judgment. We therefore will dismiss the appeals by both parties as premature.

## *FACTUAL AND PROCEDURAL BACKGROUND*

Seibold leases from the City of Santa Monica a hangar site at the Santa Monica Municipal Airport. The county notified him in December 2008 that it was imposing an escape assessment for tax years 2005 through 2008 as a result of a change in the assessed value. The notices stated that the escape assessment was based on "a creation, renewal, or assignment of your lease, or the addition or alteration of land and/or improvements occurring on your possessory interest as of December 26, 2005." Seibold paid the taxes, applied to change the assessment and sought a refund. The Assessment Appeals Board rejected his challenge to the assessment.

2

Seibold filed his initial complaint against the county in April 2010 and filed a first amended complaint (the operative complaint) in September 2010. He alleges that he has no taxable possessory interest in the hangar under Property Tax Rule 20 (Cal. Code Regs., tit. 18, § 20) because he owns the hangar and it is not publicly owned. Seibold also alleges that he has no taxable possessory interest in the leased ground. He seeks (1) a refund of possessory interest taxes paid for the hangar; (2) a refund of possessory interest taxes paid for the leased ground; and (3) a declaratory judgment resolving the issue of whether he owns a taxable possessory interest in the hangar and the leased ground.

Seibold moved for summary judgment or summary adjudication. The trial court, in an order dated December 6, 2010, concluded that Seibold's possessory interest in the hangar was "exempt" from taxation pursuant to Property Tax Rule 20 because he owned the hangar and it would not become the property of a public entity after his possession. With respect to his leasehold interest, the court concluded that Seibold had failed to show that his interest was not taxable. The court therefore denied the motion for summary judgment and granted summary adjudication as to the first count only. The court entered a "Judgment," and the county appealed (No. B231248).[1] We concluded that the "Judgment" did not dispose of all counts alleged in the complaint and therefore dismissed the county's appeal on October 17, 2011.

---

[1] The trial court filed a "Judgment on Ruling on Plaintiff's Summary Judgment and/or Summary Adjudication" on February 2, 2011.

3

A nonjury trial took place on June 12, 2012. Seibold timely requested a statement of decision. The trial court filed a Tentative Statement of Decision on June 20, 2012, stating that the court previously had granted summary adjudication in favor of Seibold with respect to the hangar. It also stated that Seibold's ground lease was taxable and that he was entitled to declaratory relief against taxation of the hangar. It ordered the parties to provide a calculation of the amount to be refunded and interest on that amount. It concluded, "The above is the court's proposed statement of decision subject [to] a party's timely objections under Cal Rules of Court 3.1590(g)."

The county filed a calculation showing a total of $738.06 due to be refunded for tax years 2005 through 2008 for taxes paid attributable to the hangar, and presented a proposed judgment. On July 30, 2012, the trial court signed and entered the county's proposed judgment as its "Final Judgment." It states: "Judgment is entered in favor of Plaintiff Gunter Seibold, who shall be refunded and recover from the County of Los Angeles, et al., the principle sum of $738.06 plus legal interest pursuant to Rev. & Tax Code § 5151, and his costs in the sum of $640. The judgment amount reflects a refund of property taxes paid attributable to [Seibold's] hangar for assessment years 2005, 2006, 2007 and 2008."

Seibold then filed "Objections" to the judgment stating that it did not include a ruling on the taxability of the ground lease and failed to address his count for declaratory relief or his entitlement to attorney fees. He requested that the trial court, "at the very least, adopt[] its Statement of Decision as the final judgment to permit an appeal from its rulings." On August 10, 2012, he filed a motion to set aside the

4

judgment and enter a new judgment (Code Civ. Proc., § 663) He argued in the motion that the judgment was not a final, appealable judgment because it did not address all of the issues raised in this litigation and that the trial court should file a final judgment resolving all of the contested issues and a final statement of decision conforming to the judgment.

The trial court filed a Statement of Decision on August 20, 2012, approximately two weeks after entry of the "Final Judgment," stating: "The court has received Plaintiff's objections. The court adopts the tentative Statement of Decision previous[ly] filed as its final Statement of Decision and affirms the Final Judgment previous[ly] signed on July 30[,] 2012." The court filed an order denying the motion to set aside the judgment on September 24, 2002, "on the grounds that the Court's Statement of Decision, entered on August 20, 2012 sets forth the reasoning behind the Judgment. The Court granted Plaintiff's request to file a memorandum of costs for attorneys fees under Rev & Tax Code § 5152."

The county timely appealed the judgment. Seibold appealed the judgment and the denial of his motion to set aside the judgment. Seibold also moved to strike the county's opening brief and dismiss its appeal and for an award of monetary sanctions against the county for filing a frivolous appeal. He argues in his motion that the county mischaracterizes the judgment, asserts no meaningful legal argument and invited any error by proposing the judgment. We denied Seibold's motion to strike the county's opening brief and dismiss its appeal, and deferred ruling on his motion for sanctions.

5

### *CONTENTIONS*

The county contends in its appeal the hangar is an assessable real property improvement and is taxable to Seibold as its owner.

Seibold contends in his appeal (1) the judgment does not specify the issues adjudicated, provides no declaratory relief, is unenforceable, and fails to award all costs, interest and attorney fees to which he is entitled, so a revised judgment should be entered; (2) he is entitled to a refund not only for tax years 2005 through 2008, but also for later tax years through 2012; and (3) he is entitled to 3 percent prejudgment interest on all illegally collected taxes and 10 percent postjudgment interest on all costs and fees awarded in the judgment.

### *DISCUSSION*

An appealable final judgment must fully dispose of all causes of action between the parties. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 697; *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 743.) Absent either an appealable final judgment disposing of all causes of action between the parties or an appealable order, we have no jurisdiction to decide an appeal. (*Griset*, *supra*, at pp. 696-697.)

The "Final Judgment" is silent as to the declaratory relief count, does not dispose of that count and therefore is not an appealable final judgment. Although the Tentative Statement of Decision stated that Seibold was entitled to declaratory relief against taxation relating to the hangar, the "Final Judgment" does not adjudicate the declaratory

6

relief count and provides no declaratory relief. It also fails to address the count for a refund of possessory interest taxes relating to the ground lease.

The Tentative Statement of Decision was a tentative decision that was neither final nor binding on the trial court at the time of entry of the "Final Judgment." (Cal. Rules of Court, rule 3.1590(b).) The Tentative Statement of Decision did not state that it would become the statement of decision unless a party timely specified additional issues to address or made proposals not included in the Tentative Statement of Decision (see *id.*, rule 3.1590(c)(4)), so it did not become the statement of decision in that manner.

The Statement of Decision filed on August 20, 2012, stated that the trial court was adopting the Tentative Statement of Decision as its final statement of decision. We need not decide whether the court had the authority to issue a statement of decision after entry of a final judgment because we conclude that the "Final Judgment" was not a final judgment, as stated. Absent any jurisdictional bar to adopting a final statement of decision on August 20, 2012, we conclude that the Tentative Statement of Decision became the final statement of decision on that date. The court retains the authority to modify its statement of decision at any time before the entry of a final judgment, which has not yet occurred here, or on a motion for new trial.[2]  (Code Civ. Proc., § 662.)

---

[2]     If a written judgment is required, the trial court must sign and file a judgment within 50 days after the announcement or service of the tentative decision, whichever is later, or within 10 days after a hearing on objections to a proposed statement of decision or proposed judgment, if a hearing is held. (Cal. Rules of Court, rule 3.1590(l).) The time may be extended for good cause in a written order. (*Id.*, rule 3.1590(m).)

Although the final statement of decision states that Seibold is entitled to declaratory relief and that the ground lease is taxable, the judgment is incomplete because it fails to expressly adjudicate the count for declaratory relief and the count for a refund of possessory interest taxes relating to the ground lease.

" ' "Interlocutory appeals burden the courts and impede the judicial process in a number of ways: (1) They tend to clog the appellate courts with a multiplicity of appeals. . . . (2) Early resort to the appellate courts tends to produce uncertainty and delay in the trial court. . . . (3) Until a final judgment is rendered the trial court may completely obviate an appeal by altering the rulings from which an appeal would otherwise have been taken. [Citations.] (4) Later actions by the trial court may provide a more complete record which dispels the appearance of error or establishes that it was harmless. (5) Having the benefit of a complete adjudication . . . will assist the reviewing court to remedy error (if any) by giving specific directions rather than remanding for another round of open-ended proceedings." [Citation.]' [Citation.]" (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5-6.)

We conclude based on the authorities cited above that this court lacks appellate jurisdiction because the purported judgment does not dispose of all causes of action between the parties. Accordingly, the appeals will be dismissed with directions to the trial court to vacate the "Final Judgment" filed on July 30, 2012, and conduct further proceedings consistent with the views expressed herein. Seibold's motion for sanctions is denied as moot. Apart from our conclusion that the purported judgment is not an

8

appealable final judgment, we express no opinion as to the merits of the parties'

contentions on appeal.[3]

---

[3]    This written opinion contains the entire decision by this court.  Statements made by the justices at oral argument are part of the deliberation process, are tentative in nature and are not part of our decision.  In response to the inquiry in the letter filed by Seibold's counsel after oral argument, this court will not retain jurisdiction over any part of these appeals and does not advise the parties in any manner with respect to any further proceedings in this matter.

## *DISPOSITION*

The county's appeal and Seibold's appeal are dismissed, and Seibold's motion for sanctions is denied as moot. The matter is remanded to the trial court to vacate the "Final Judgment" filed on July 30, 2012. In order to avoid any further interlocutory appeals, the trial court should take care to ensure that any subsequent "Judgment" filed in this case is an appealable final judgment that expressly adjudicates each count alleged in the complaint. Each party shall bear its own costs on appeal.

### *NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*

CROSKEY, Acting P. J.

WE CONCUR:

ALDRICH, J.

HEESEMAN, J.