Filed 7/8/16

CERTIFIED FOR PUBLICATION


COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| CITY OF CARLSBAD, | D070253 |
| Plaintiff and Appellant, | |
| v. | (San Diego County Super. Ct. No. 37-2015-00031910-CU-WM-NC) |
| ED SCHOLTZ, | |
| Defendant and Respondent; | |
| STEVEN SEAPKER, | |
| Real Party in Interest and Respondent. | |

THE COURT:*

    This case presents the question of whether a judgment denying a petition for writ of mandate challenging an evidentiary ruling of a hearing officer is an appealable final judgment or a nonappealable interlocutory judgment. We publish this order to clarify a judgment denying a petition for writ of mandate challenging an evidentiary ruling of a hearing officer is a nonappealable interlocutory judgment where, as here, the superior court did not deny the petition on the merits, the administrative proceedings before the

_____

\*     McConnell, P. J., Benke, J., and Irion, J.

hearing officer have not concluded, the hearing officer is not the final administrative decision maker, and the hearing officer's decision did not a create a substantial risk confidential information would be publicly disclosed. We, therefore, dismiss the appeal and deny a related motion for stay as moot.

BACKGROUND

Steven Seapker is administratively appealing a decision by the City of Carlsbad (City) to discharge him from his position as a police officer. His defense to the discharge is that the City is penalizing him more harshly than it has penalized other similarly situated police officers. This defense requires some inquiry into the City's discipline of other police officers, which implicates the discovery procedures discussed in *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*). (See, e.g., *Riverside County Sheriff's Dept. v. Stiglitz* (2014) 60 Cal.4th 624, 629; see also Pen. Code, §§ 832.7, 832.8; Evid. Code, §§ 1043-1045.)

Seapker's administrative appeal has two stages: (1) a hearing before a hearing officer who will submit nonbinding findings and recommendations to the city council; and (2) the review of the findings and recommendation and a final decision by the city council. Seapker's administrative appeal is in the first stage and the hearing before the hearing officer has thus far occurred on nine intermittent days between December 2014 and July 2015.

Two separate *Pitchess* issues have arisen since the commencement of the hearing. The first *Pitchess* issue arose when Seapker filed a *Pitchess* motion seeking discovery of documents related to personnel investigations and disciplinary actions of other City

2

police officers during the preceding five years. The hearing officer granted the motion, conducted an in camera review of the personnel files of two officers, referred to by the parties as Officer H and Officer W, and ultimately ordered the disclosure of three pages from the final report of an internal affairs investigation. The hearing officer also ruled Seapker could call the two officers as witnesses.

The second *Pitchess* issue arose when the hearing officer directed a police sergeant to respond to a cross-examination question about whether an officer, referred to by the parties as Officer K, had been reprimanded for an incident in which he and Seapker were both involved and for which Seapker received a written reprimand in November 2012. The City based its decision to discharge Seapker in part on this reprimand.

The City objected to the questioning on the ground Officer K's personnel information was confidential and not subject to disclosure absent compliance with the *Pitchess* discovery procedures. However, Seapker's counsel contends he could not bring a *Pitchess* motion in this instance because he did not have a good faith belief a record of a reprimand existed. To the contrary and consistent with Seapker's disparate penalty defense, Seapker's counsel believed and was attempting to prove a reprimand did not exist. According to Seapker's counsel's offer of proof, Officer K, whom Seapker's counsel represents in unrelated matters, is prepared to testify he had engaged in the same activity as Seapker, but was not disciplined in any manner.

The hearing officer overruled the City's objection and ordered the police sergeant to answer the cross-examination question. A police lieutenant attending the hearing

3

countermanded the hearing officer's order and directed the police sergeant not to answer the question. The police sergeant followed the police lieutenant's directive and declined to answer the question.

Seapker then moved to exclude all testimony and evidence related to Seapker's November 2102 written reprimand. The hearing officer granted the motion, struck all testimony and evidence related to the reprimand from the record, and prohibited the City from presenting any further testimony and evidence related to the reprimand.

The City filed a petition with the superior court seeking a writ of mandate: (1) excluding Officer W's and Officer H's testimony as irrelevant; (2) compelling the hearing officer to comply with *Pitchess* as to Officer K; and (3) reversing the evidentiary sanctions for the police sergeant's refusal to comply with the hearing officer's order to answer the cross-examination question about Officer K.

The superior court denied the City's writ petition "on the merits," but without prejudice, primarily on the ground the City had an adequate legal remedy via a petition for writ of administrative mandate at the conclusion of the administrative appeal. The superior court considered the matter to be an evidentiary issue and questioned whether the City was entitled to bring a petition for writ of mandate every time the hearing officer made an unfavorable evidentiary ruling. The court also questioned whether the hearing officer had a clear, present, ministerial duty to conduct a *Pitchess* review of a file where there was common knowledge the file contained no disciplinary action. The court subsequently entered a judgment stating without elaboration that it denied the petition "on the merits."

4

DISCUSSION

A

The City appealed the judgment and filed a motion requesting this court stay related matters pending before the superior court and the hearing officer until we decide the outcome of the appeal. Seapker opposed the motion, asserting, among other points, the judgment is not appealable because it is interlocutory. We requested the parties submit letter briefs addressing this point further.

The City contends the judgment is final and appealable because the judgment entirely disposed of the City's writ petition, there is nothing further substantively for the court to decide, there are no other matters pending before the parties in the superior court, and any future petition for administrative mandate would involve the City, not the hearing officer, and present the separate and independent issue of the validity of the City's final decision on Seapker's discharge. If the judgment is not appealable, the City requests this court exercise its discretion to treat the appeal as a petition for writ of mandate.

Seapker contends the judgment is interlocutory and not appealable because there remain issues between the parties to be adjudicated, specifically Seapker's administrative appeal. The adjudication of Seapker's administrative appeal may obviate the need for this appeal and proceeding with this appeal would needlessly delay matters. In addition, the City is not without a remedy as it can raise its *Pitchess*-related issues in a petition for writ of administrative mandate at the conclusion of the administrative appeal.

5

B

"The right to appeal is wholly statutory." (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5 (*Dana Point*); *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) "At one time, it was thought to be settled law that an order denying a writ of mandate was an appealable order unless the trial court contemplated further orders or action on the petition. [Citations.] However, recent California Supreme Court cases have disapproved this line of authority." (*Bettencourt v. City and County of San Francisco* (2007) 146 Cal.App.4th 1090, 1097, citing *Griset, supra*, 25 Cal.4th at pp. 697-699, and other earlier cases.) Rather, the superior court's judgment on the City's writ petition is appealable only if the judgment is not an interlocutory judgment. (Code Civ. Proc., § 904.1, subd. (a)(1) ["An appeal . . . may be taken from . . . [¶] . . . a judgment, except (A) an interlocutory judgment . . . "].)

"A judgment is the final determination of the rights of the parties (Code. Civ. Proc., § 577) ' " 'when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined.' " ' [Citations.] ' "It is not the form of the decree but the substance and effect of the adjudication which is determinative. As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that *where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final*, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of

6

the parties, the decree is interlocutory." ' [Citations.]" (*Dana Point, supra,* 51 Cal.4th at p. 5.)

Although the superior court referred to its judgment as a judgment "on the merits," the superior court did not, in fact, decide the merits of the writ petition (i.e., whether the hearing officer correctly determined Officer H's and Officer W's personnel information was relevant to Seapker's administrative appeal and whether the hearing officer violated the *Pitchess* discovery procedures by ordering the police sergeant to answer a cross-examination question about whether the City reprimanded Officer K). The superior court effectively summarily denied the writ petition because the superior court determined the City had an adequate appellate remedy via a petition for administrative mandate at the conclusion of the administrative appeal. (See Code Civ. Proc., § 1086.) The superior court did not issue a final decree with which the parties may comply or not comply.

The procedural posture of this case further supports our conclusion the judgment is not final. Seapker's administrative appeal remains pending and its adjudication is essential to a final determination of the parties' rights (i.e., whether the City properly discharged Seapker). Moreover, the hearing before the hearing officer is not the final step in the administrative appeal. The hearing officer is tasked only with making findings and recommendations to the city council. The city council must then review the findings and recommendations and may affirm, revoke, or modify them. If this appeal were to go forward, this court would not be reviewing the decision of the superior court, or even a decision of the final administrative decision maker. It would be reviewing a decision of a hearing officer who serves a purely advisory role.

7

Notwithstanding the absence of a final judgment, we have the discretion to treat this appeal as a writ petition. (See *Olson v. Cory* (1983) 35 Cal.3d 390, 400-401.) However, the Supreme Court has advised against exercising this discretion except under unusual circumstances. (*Id*. at p. 401.) The City has not persuaded us such circumstances exist here.

As the superior court noted, the City has an adequate remedy for any erroneous evidentiary rulings via a petition for writ of administrative mandate at the conclusion of the administrative appeal. Further, to the extent the hearing officer erred by failing to comply with the *Pitchess* discovery procedures as to Officer K, the City also has not established the prospect of irreparable harm. The administrative hearing is closed to the public and, according to Seapker's counsel's offer of proof, there is no applicable reprimand in Officer K's personnel file and Officer K is willing to so testify. Therefore, the hearing officer's ruling requiring the police sergeant to answer Seapker's counsel's cross-examination question presented no substantial threat of the unauthorized disclosure of confidential information.

## DISPOSITION

The City's appeal is dismissed. The City's motion for stay is denied as moot.

McCONNELL, P. J.

Copies to: All parties

8