Filed 1/25/22  Wallace v. Alameda County Management etc. CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| MICHAEL WALLACE et al.,<br><br>　　　Plaintiffs and Appellants,<br><br>v.<br><br>ALAMEDA COUNTY MANAGEMENT EMPLOYEES ASSOCIATION et al.,<br><br>　　　Defendants and Respondents. | A162044<br><br>(Alameda County<br>Super. Ct. No. RG20051170) |

Certain members of the Alameda County Management Employees Association (the Union) successfully sued the Union and members of its board of directors (collectively, respondents).  The suing Union members (appellants) then sought prevailing party attorney fees, which the trial court denied as untimely.  We affirm.

## BACKGROUND

In January 2020, appellants sued respondents for conduct relating to a recent Union board election.  Appellants asserted two causes of action: (1) a petition for writ of mandate (Code Civ. Proc., § 1085) alleging respondents breached their fiduciary duties and Union bylaws in connection with the

1

election, and seeking a writ setting aside the election and directing a new election; and (2) a declaratory relief claim seeking a declaration that respondents breached their fiduciary duties and Union bylaws.

Appellants filed a brief in support of the petition, arguing respondents breached fiduciary duties and bylaws.  Respondents filed an opposition to the "petition . . . and verified complaint for declaratory relief."  (Capitalization altered.)  On February 13, the trial court issued an order granting writ relief, directing the election be vacated and a new election held with certain terms.[1]

In July, respondents filed a return stating a new election was held in April in compliance with the court's order.

On September 17, appellants filed a motion for attorney fees as the prevailing party under Code of Civil Procedure section 1021.5.  The motion argued appellants "achieved complete success and a full remedy in this action."  Respondents opposed the motion as untimely because it was filed more than 180 days after the court's February 13 order and the return did not extend the time to file the motion.  In their reply, appellants argued no final judgment had yet issued in the action, the declaratory relief claim remained unresolved, and appellants were seeking "interim attorney fees."

The trial court denied the fee motion as untimely, finding the February 13 order was a final judgment resolving the entire action.  This appeal followed.

## DISCUSSION

"A notice of motion to claim attorney's fees for services up to and including the rendition of judgment in the trial court . . . must be served and filed within the time for filing a notice of appeal under rules 8.104 and 8.108

---

[1] The same order, with different formatting, issued on February 6.

2

in an unlimited civil case . . . ." (Cal. Rules of Court, rule 3.1702(b)(1).)[2] Rule 8.104 requires a notice of appeal be filed, as relevant here, no later than "180 days after entry of judgment." (Rule 8.104(a)(1)(C).)

Appellants contend the February 13 order was a "*pre-judgment* order since no final entry of judgment occurred after that date." (Italics added.) "A judgment is the final determination of the rights of the parties (Code Civ. Proc., § 577) ' "when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined." ' [Citation.] ' "It is not the form of the decree but the substance and effect of the adjudication which is determinative. As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that *where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final . . . ." ' " (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5.) Accordingly, it is immaterial that no formally designated "judgment" issued.

Appellants argue the February 13 order was not a final judgment because respondents' compliance with the writ remained outstanding until the return was filed. The contention fails. "[A]n order granting or denying a petition for an extraordinary writ constitutes a final judgment for purposes of an appeal, even if the order is not accompanied by a separate formal judgment." (*Public Defenders' Organization v. County of Riverside* (2003) 106 Cal.App.4th 1403, 1409.) "That there are additional proceedings involving the return on the writ does not change the finality of the judgment issuing the writ." (*Los Angeles Internat. Charter High School v. Los Angeles*

---

[2] All undesignated rule references are to the California Rules of Court.

3

*Unified School Dist.* (2012) 209 Cal.App.4th 1348, 1354–1355.) Instead, a subsequent order regarding "the adequacy of the [responding party's] return on the writ is appealable as an order enforcing the judgment." (*Id.* at p. 1355.)

Appellants next argue the February 13 order was not a final judgment because it did not resolve the claim for declaratory relief, which remains outstanding. The trial court rejected this contention in its order denying the fee motion: "when the court decided to vacate the January 2020 election the court implicitly and necessarily also decided the issue of whether the board breached their fiduciary duties in the conduct of the election." This finding is amply supported by the record: as described above, both the writ petition and declaratory relief claim rested on allegations that respondents breached fiduciary duties and Union bylaws. On appeal, appellants complain "the [t]rial [c]ourt expects [appellants] to read its mind and know the case is over without any other indication." But in their motion for attorney fees, appellants argued they "achieved complete success and a full remedy in this action." In other words, appellants, like the trial court, understood that the February 13 order resolved the entire action. It was not until their reply brief below—after respondents argued the fee motion was untimely—that appellants belatedly claimed the declaratory relief claim remained unresolved and they were seeking "interim attorney fees." As the trial court's fee order observed, "[t]his suggests both a waiver of the issue and that [appellants] reasonably thought that the case was over when they filed the motion for fees."

Appellants' final argument is the trial court failed to exercise its discretion to extend the time to file a fee motion for "good cause." (See Rule 3.1702(d) ["For good cause, the trial judge may extend the time for filing

a motion for attorney's fees in the absence of a stipulation . . . ."].) In their briefing below, appellants argued that the fee motion was timely and did not ask the trial court to extend their time or argue there was good cause to do so. On appeal, respondents contend appellants' good cause argument is therefore forfeited, and appellants' reply brief fails to respond to this contention. We find appellants' good cause argument is forfeited. (*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 564 [" '[I]t is fundamental that a reviewing court will ordinarily not consider claims made for the first time on appeal which could have been but were not presented to the trial court.' "].)

## DISPOSITION

The judgment is affirmed. Respondents are awarded their costs on appeal.

_____

SIMONS, Acting P. J.

We concur.

_____

NEEDHAM, J.

_____

BURNS, J.

(A162044)

5