Filed 4/29/26  Debbi Labrea Properties v. Von Drachenberg CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DEBBI LABREA PROPERTIES, LLC,<br><br>　　　Plaintiff and Appellant,<br><br>　　v.<br><br>KATHERINE VON DRACHENBERG,<br><br>　　　Defendant and Respondent. | B331533<br><br>(Los Angeles County Super. Ct. No. 22STCV11768) |

APPEAL from an order of the Superior Court of Los Angeles County, Maureen Duffy-Lewis, Judge.  Dismissed.

Goodkin Law Group, Daniel L. Goodkin, and Michael A. Shakouri for Plaintiff and Appellant.

Brown White & Osborn, Thomas M. Brown, Kenneth P. White, and Tyler R. Creekmore for Defendant and Respondent.

\* \* \* \* \* \*

A landlord sued its corporate tenant for one claim of unpaid rent in breach of its lease, and sued the tenant's celebrity shareholder for an amalgam of eight different intentional and business tort and statutory claims. The trial court issued a minute order sustaining the celebrity's demurrer without leave to amend. The landlord purports to appeal that minute order. Because that is not an appealable order (*Hamilton v. Green* (2023) 98 Cal.App.5th 417, 422-423 (*Hamilton*); *Hill v. City of Long Beach* (1995) 33 Cal.App.4th 1684, 1695 (*Hill*); *Singhania v. Uttarwar* (2006) 136 Cal.App.4th 416, 425 (*Singhania*)), and because the circumstances do not warrant the exercise of our discretion to overlook this defect, we dismiss this appeal.

## FACTS AND PROCEDURAL BACKGROUND[1]

### I. The Lease and Its Alleged Breach

Debbi Labrea Properties, LLC (the landlord) rented a commercial retail space on La Brea Avenue in West Hollywood, California (the premises) to High Voltage Tattoo, Inc. (High Voltage) beginning in 2007 for use as a "tattoo studio / parlor at which a television crew may film [High Voltage's] operations from time-to-time." High Voltage failed to pay a total of $30,999 in monthly rent and common area costs owed under the lease for the months of April 2020, May 2020, June 2020, February 2022, and

---

[1] We draw the facts from the allegations of the operative complaint and its attached exhibits.

March 2022.[2]  After the lease ended, the landlord also expended around $15,000 to repair the premises.  In March 2022, the landlord sent High Voltage a letter that demanded payment of $92,324.37 within three business days for unpaid rent, remodeling fees, and discounted future rent.  High Voltage did not pay.

## II.    Von Drachenberg's Activities at the Leased Premises

High Voltage's sole shareholder is Katherine Von Drachenberg, who is a famous tattoo artist and media personality known professionally as Kat Von D.  Von Drachenberg signed the lease as "[p]resident" of High Voltage.  She is not a guarantor of the operative lease.

## III.   The Landlord's Lawsuit

### A.    *The operative complaint*

On April 6, 2022, the landlord filed this action against High Voltage and Von Drachenberg.  Following two rounds of demurrers and motions to strike, the landlord filed the operative second amended complaint on December 27, 2022.

Against High Voltage (but *not* Von Drachenberg), the landlord asserted a single claim for breach of contract (namely, the lease).

Against Von Drachenberg (but *not* against High Voltage), the landlord asserted eight claims—namely, one claim for breach of fiduciary duty, two claims for approval and receipt of illegal distributions, four claims for fraudulent transfers under the Uniform Voidable Transactions Act (Civ. Code, § 3439 et seq.; hereafter referred to as UVTA), and one claim for money had and

---

[2]     Based on a calculation for "present value of rent" set forth in the lease, the past-due rent owed by High Voltage grew to $54,575.37 by the time of the operative complaint.

3

received.  The landlord further alleged that Von Drachenberg was High Voltage's "alter ego."

**B.    *Von Drachenberg's demurrer***

On January 26, 2023, Von Drachenberg demurred to the operative complaint, attacking as insufficient the allegations underlying each of the eight claims against her.  In opposition, the landlord pointed to its allegations that Von Drachenberg was High Voltage's alter ego.  After the trial court received Von Drachenberg's reply and held a hearing, the court issued a minute order sustaining the demurrer without leave to amend, stating only that the landlord "fail[ed] to allege facts regarding alter ego."[3]

The trial court has not issued a judgment of dismissal.

**C.    *Appeal***

The landlord filed this appeal.

## DISCUSSION

The existence of an appealable judgment is a jurisdictional prerequisite to an appeal.  (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.)  The right to appeal is wholly statutory.  (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5; see Code Civ. Proc., § 904.1.)  An unsigned minute order sustaining a demurrer is not, by statute, an appealable order.  (*Hamilton, supra*, 98 Cal.App.5th at pp. 422-423 ["'[a]n order sustaining a demurrer without leave to amend is not appealable, and an appeal is proper only after entry of a dismissal on such an order'"]; *Hill, supra*, 33 Cal.App.4th at p. 1695 [same]; *Singhania,*

---

[3]    Von Drachenberg had also moved to strike the requests for punitive damages and other allegations in the complaint, but the court denied the motion as "moot"; that ruling is not challenged on appeal.

4

*supra*, 136 Cal.App.4th at p. 425 [same].)  Only the subsequently entered judgment or order of dismissal is appealable.  (*Kong v. City of Hawaiian Gardens Redevelopment Agency* (2002) 108 Cal.App.4th 1028, 1032, fn. 1.)  Because all we have in this case is an unsigned minute order sustaining Von Drachenberg's demurrer, we agree with Von Drachenberg's assertion that this appeal is not properly before us.[4]

To be sure, we retain discretion to overlook this defect by deeming the minute order to incorporate a judgment of dismissal (as all that remains is the formal entry of a dismissal order or judgment).  (*Melton v. Boustred* (2010) 183 Cal.App.4th 521, 527-528, fn. 1.)  But we decline to exercise that discretion here, particularly in light of the landlord's inaccurate reporting in its opening brief that it was appealing from a judgment rather than a minute order.

---

[4]    Even if the service of notice of entry of the trial court's minute order triggered the right to appeal, the landlord filed its notice of appeal too late.

## DISPOSITION

The appeal is dismissed.  Von Drachenberg is entitled to her costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P. J.
HOFFSTADT


We concur:


_____, J.
 BAKER


_____, J.
 KIM (D.)

6