Filed 1/18/24  Faulkner v. Pringle CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re Matter of:<br>PRINGLE FAMILY TRUST, DATED APRIL 8, 2004, AS AMENDED | |
| | D081866 |
| JENNIFER FAULKNER, | |
| Petitioner and Appellant, | (Super. Ct. No. 37-2019-00045026-PR-TR-CTL) |
| v. | |
| STEPHEN PRINGLE, | ORDER MODIFYING OPINION AND DENYING REHEARING |
| Respondent. | NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed on December 26, 2023, be modified as follows:

On page 4, at the end of section II, subsection A, and immediately preceding subsection B, a new paragraph is added that reads as follows:

> To be clear, our conclusion that the challenged ruling was an interlocutory judgment or order but not a final judgment does not divest this court of jurisdiction.  The Probate Code makes certain orders appealable beyond the one final judgment rule.  (Code Civ. Proc., § 904.1,

subd. (a)(10).)  The word "order" "generally embraces . . . interlocutory directions or commands," and "the appealability of an order of the probate court is determined not from its form, but from its legal effect."  (Black's Law Dict. (11th ed. 2019); *Estate of Martin* (1999) 72 Cal.App.4th 1438, 1442.)  In disposing of Jenny's claim of undue influence and declaring the TODs valid, the challenged ruling "[a]djudicat[ed] the merits of a claim made under Part 19 (commencing with Section 850) of Division 2" (Prob. Code, § 1300, subd. (k)), "approv[ed ]or confirm[ed]" the "conveyance[ ] . . . of property" (*id.*, § 1300, subd. (a)), and finally decided at least one claim in a petition "concerning the internal affairs" of a trust (*id.*, §§ 1304, subd. (a), 17200).  Thus, the challenged ruling, albeit not a final judgment, is nonetheless appealable.

There is no change in judgment.

The petition for rehearing is denied.

O'ROURKE, Acting P. J.

Copies to:  All parties

Filed 12/26/23  Faulkner v. Pringle CA4/1 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re Matter of:<br>PRINGLE FAMILY TRUST, DATED APRIL 8, 2004, AS AMENDED<br><br>JENNIFER FAULKNER,<br><br>    Petitioner and Appellant,<br><br>    v.<br><br>STEPHEN PRINGLE,<br><br>    Respondent. | D081866<br><br>(Super. Ct. No. 37-2019-00045026-PR-TR-CTL) |


APPEAL from a judgment of the Superior Court of San Diego County, Julia C. Kelety and Katherine A. Bacal, Judges.  Affirmed.

Jennifer Faulkner, in pro. per., for Petitioner and Appellant.

HainesLaw and Laurence F. Haines for Respondent.

MEMORANDUM OPINION

Jennifer Faulkner (Jenny) appeals a probate judgment declaring valid four transfer on death deeds (TODs) executed by her mother before her death. She claims on appeal (1) the judgment is premature, (2) the trial court erred in assigning her the burden of proof on her claim of undue influence, and

(3) the TODs are void for failure to comply with the notarization requirement. We find this matter appropriately resolved by memorandum opinion and affirm. (See generally *People v. Garcia* (2002) 97 Cal.App.4th 847.)

I.

Decedent Heather Pringle and her predeceased husband were the only beneficiaries of the Pringle Family Trust (Trust). The primary assets of the Trust were four residential properties located in San Diego County. Jenny and Stephen Pringle are Heather's only children. Heather suffered from health issues in the years preceding her death.

In November 2018, Heather executed four TODs, one for each of the Trust properties, transferring three properties to Stephen and one to Jenny. Gabriel Mejia notarized the TODs. When Heather passed away in May 2019, Stephen became acting successor trustee of the Trust.

In August 2019, Jenny petitioned for relief as to various issues concerning the Trust and the disposition of Heather's estate. As relevant here, Jenny's amended petition sought an order directing the properties Stephen received under the TODs to be transferred back to the Trust. She claimed Stephen unduly influenced their mother to transfer him more properties than Jenny. Judge Kelety bifurcated this issue for trial before Judge Bacal.

After a four-day, unreported bench trial, Judge Bacal found: (1) neither Jenny nor Stephen fully credible, (2) Heather's "clear" wish was for "a 50/50 split of her properties," and (3) the undisputed testimony was that Stephen's three properties were mortgaged while Jenny's one property was "'free and clear.'" Accordingly, the court found the TODs reflected Heather's wishes and were not the product of undue influence, so it refused to order any properties returned to the Trust. The subsequent statement of decision noted "both

2

sides agreed that [Jenny] had the burden of proof" and concluded that Jenny "did not meet her burden of proving that [Stephen] caused the decedent to take any of the disputed actions as a result of undue influence."

Jenny also presented evidence that state records "do not indicate" Mejia's notary commission "ever took effect," although the records show that he had applied to become a notary public. Judge Bacal "found credible the testimony of Gabriel Mejia that he believed that he was a valid notary at the time he notarized the disputed documents."

A December 2022 minute order took Jenny's amended petition "off calendar" and granted her leave to file an amended petition. Judge Kelety's subsequent judgment: (1) represented that the minute order had "dismissed without prejudice" the amended petition, (2) incorporated by reference the statement of decision, and (3) declared that the four TODs "are valid and conform to the intent of deceased Trustor Heather Pringle."

## II.

As we presume the judgment of a lower court is correct and draw all presumptions to support it, an appellant must affirmatively demonstrate error to succeed. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

## A.

First, Jenny contends the judgment was premature under rule 3.1591(a) of the California Rules of Court, which provides, as to issues decided by bifurcated trial, that "the court must not prepare any proposed judgment until the other issues are tried, except when an interlocutory judgment . . . may otherwise be properly entered." We disagree.

Jenny is correct that a final judgment would be premature here. The December 2022 minute order did not dismiss with prejudice the unadjudicated claims. Because the judgment does not fully decide the rights

3

of Jenny and Stephen and terminate the litigation between them, it is not final. (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5.) Rather, the judgment is interlocutory. (*Ibid.*) The judgment thus falls within rule 3.1591(a)'s exceptions as to when a judgment may issue on a bifurcated issue. (Cal. Rules of Court, rule 3.1591(a).) Given the interlocutory nature of the judgment, whether the unadjudicated claims were taken "off calendar" or "dismissed without prejudice" is irrelevant. Either way, they were not finally decided and Jenny, who has since filed an amended petition asserting the remaining claims, can establish no prejudice.

Jenny further asserts the judgment is premature because "[u]ndue influence is <u>NOT</u> the only basis" by which to return the properties to the Trust. But neither the judgment nor the incorporated statement of decision claim to be a final determination of issues other than undue influence and the validity of the TODs, and again, Jenny has filed an amended petition reasserting the unadjudicated claims. Accordingly, we are unpersuaded by this argument.

Finally, to the extent Jenny suggests it was improper for the judgment to declare the TODs "valid" because "matters, yet to be litigated in the other part of the bifurcated action, once properly adjudicated, might indicate a different determination," we disagree. As Stephen argues, "[t]he only allegation that implicated the validity of the TODs was undue influence." Accordingly, the judgment correctly adjudged the TODs valid based on the court's findings and conclusions in the bifurcated trial.

B.

Second, Jenny argues the trial court improperly assigned her the burden of proof for her undue influence claim. Specifically, she claims, under Probate Code section 21380, a rebuttable presumption that Stephen unduly

4

influenced Heather arose, as he was "[t]he person who drafted the instrument," "[a] care custodian of [Heather as] a dependent adult," or someone "related by blood or affinity, within the third degree," to such a person. (Prob. Code § 21380, subds. (a)(1), (3), (5).)

Jenny, however, is incorrect, as "[s]ection 21380 does not apply" to someone "related by blood or affinity, within the fourth degree, to the transferor." (§ 21382, subd. (a).) The rebuttable presumption therefore did not apply to Stephen, Heather's son; rather, the general rule that someone who challenges an instrument bears the burden of proving undue influence applied. (*David v. Hermann* (2005) 129 Cal.App.4th 672, 684.) We thus perceive no error in the court assigning Jenny the burden of proof.

C.

Finally, Jenny claims the TODs are void under Probate Code section 5624, which, at the time Heather executed the TODs and Jenny brought this action, provided: "A revocable [TOD] is not effective unless the transferor signs and dates the deed and acknowledges the deed before a notary public." (Prob. Code, § 5624, added by Stats. 2015, ch. 293, § 17.) Jenny contends the instant TODs are not effective because Mejia was never a commissioned notary public, including when Heather executed the TODs.

But we conclude this argument lacks merit. Jenny cites no authority to support her claim that a document acknowledged by a person every party to a transaction mistakenly thought to be a valid notary public is necessarily void. The trial court found credible Mejia's testimony that he believed he was a valid notary public when he notarized the TODs. The court "did not find any evidence" that Mejia had participated in a "'scheme'" to take advantage of Heather to Stephen's benefit and Jenny's detriment. We conclude substantial evidence—including the court's assessment of Mejia's credibility,

5

which we cannot revise on appeal (*In re Marriage of Balcof* (2006) 141 Cal.App.4th 1509, 1531)—supports the court's finding on Mejia's status as a notary public and its effect on the validity of the TODs. (*Eyford v. Nord* (2021) 62 Cal.App.5th 112, 123.)

Jenny also claims the TODs are invalid because they were not acknowledged before two witnesses, as required under statutory amendments made effective over three years *after* Heather executed the TODs. (Prob. Code, § 5624, subd. (b).) However, Jenny does not cite, and our review of the record does not show, any evidence she raised this argument during trial. Accordingly, we conclude this issue is forfeited and decline to address it. (*Johnson v. Greenelsh* (2009) 47 Cal.4th 598, 603.)

III.

We affirm. Jenny shall bear Stephen's costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

CASTILLO, J.

WE CONCUR:

O'ROURKE, Acting P. J.

DATO, J.

6