Filed 3/29/24  Doe v. Luster CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| LYNN DOE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>ANDREW STUART LUSTER,<br><br>        Defendant and Appellant. | F084919<br><br>(Super. Ct. No. MCV086595)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Madera County.  Sosi Chitakian Vogt, Judge.

Law Offices of Robert E. Young and Robert E. Young for Defendant and Appellant.

Resch Polster & Berger, Michael C. Baum and Sandra Khalili, for Plaintiff and Respondent.

-ooOoo-

Defendant Andrew Stuart Luster, a judgment debtor, appeals from an order denying his motion to quash (1) an order for appearance and examination and (2) a subpoena duces tecum, contending service of the documents on him was invalid.  We conclude the order appealed from is not appealable and dismiss the appeal.

# BACKGROUND

In 2003, a judgment was entered in Ventura County Superior Court in favor of plaintiff Lynn Doe against Luster for $19,000,000. Doe renewed the judgment in 2012 and 2017, which now totals over $70,000,000.

In February 2022, Doe applied for an order for appearance and examination ("ORAP") of Luster. Since Doe is an inmate at Valley State Prison in Madera County, Doe filed the application in Madera County Superior Court.[1] The court issued the ORAP on March 2, 2022,[2] setting Luster's examination for April 29.

According to a filed proof of service, a registered process server served the ORAP and a subpoena duces tecum on "J. Delatorre, Liaison Officer," at Valley State Prison on April 11. On April 14, Luster signed a Notice of Remote Appearance for his scheduled April 29 examination. Doe's counsel filed the signed notice with the court on April 19.

On April 28, Luster, through his counsel, moved to quash the subpoena duces tecum and for a protective order. He argued he was never served with the ORAP and was invalidly served with the subpoena duces tecum. In his supporting declaration, he stated he was invalidly served with the subpoena on April 13 by his correctional counselor. A hearing was set for June 8.

After Luster failed to appear for his examination on April 29, the court continued the examination and set an order to show cause as to why Luster should not be held in contempt of court for his failure to appear. In that order, the court found the ORAP was

---

[1] Normally, a debtor's examination is held in the court where the judgment was entered. (Code Civ. Proc., § 708.160, subd. (a).) But an examinee may not be required to attend an examination before a court that is (1) located outside the county in which the person resides or has a place of business and (2) more than 150 miles from the examinee's residence or business. (*Id.*, subd. (b).) When these mileage and county limitations are exceeded, the examination may be held in a court of similar or higher jurisdiction in the county where the examinee resides or has a place of business. (*Id.*, subd. (c).)

[2] References to dates are to dates in 2022.

"duly served" on Luster.  The order to show cause hearing and the continued examination were both set for June 8, the same day as the motion to quash.

On May 11, Luster filed a supplemental declaration in support of his motion to quash stating that the only documents he had ever received were the subpoena and the notice of remote appearance.

Luster did not appear at the June 8 hearing.  According to a correctional officer at the hearing, Luster refused to appear.  Luster's counsel argued that service of the ORAP and subpoena on J. Delatorre did not constitute valid service on Luster.  The court stated it would not hold Luster in contempt and would not rule on the motion to quash that day.  The court instead asked for supplemental briefing on whether the ORAP was properly served and whether the subpoena was overly broad.

Both parties submitted supplemental briefing ahead of the continued motion hearing.  Doe maintained the ORAP was properly and timely served, while Luster argued service of the ORAP was invalid.  Thus, the scope of the motion was expanded to include a motion to quash the ORAP; it was no longer just a motion to quash the subpoena.  Luster also filed another supplemental declaration stating that on June 1, his correctional counselor gave him a copy of the ORAP.

At the continued motion hearing on August 18, the trial court found on the record that the ORAP and subpoena duces tecum were properly served and denied Luster's motion.  The court set Luster's debtor's examination for September 19.  On September 12, the court entered an order tracking its oral pronouncement of the order.

## DISCUSSION

Luster filed a notice of appeal on September 6 of the court's August 18 denial of his motion to quash the ORAP and subpoena duces tecum.[3]  He attached a copy of the court's August 18 minute order to his notice of appeal.  In October 2022, we entered an

---

[3] So, Luster filed his notice of appeal before the September 12 order was entered.

3.

order stating that we were considering dismissing the appeal as prematurely taken since the trial court had "yet to issue a final appealable order." We directed Luster to file within 30 days a copy of the "final order" or a letter brief setting forth jurisdictional authority for the appeal. In response, Luster filed the court's September 12 order.

On appeal, Luster maintains the court erred in denying his motion to quash because the ORAP and subpoena were invalidly served on him.

## I. Appealability

Luster's opening brief does not contain the required statement of appealability explaining why the order appealed from is appealable.[4] (Cal. Rules of Court, rule 8.204(a)(2)(B).) After Luster filed his opening brief, Doe moved to dismiss the appeal on the ground the order denying Luster's motion to quash is not an appealable order under Code of Civil Procedure section 904.1, subdivision (a).[5] Luster proffers four bases for appealability in his opposition to the motion to dismiss. He also argues that if the order is not appealable, this court should treat his opening brief as a petition for writ of mandate. We conclude the order appealed from is not appealable and we will not treat this appeal as a writ proceeding.

### A. General appealability law

The existence of an appealable order or "judgment is a jurisdictional prerequisite to an appeal." (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) We are independently obligated " 'in this as in every matter to confirm whether jurisdiction exists.' " (*Kirk v. Ratner* (2022) 74 Cal.App.5th 1052, 1060.) If an "order is not appealable, we must dismiss the appeal." (*Reddish v. Westamerica Bank* (2021) 68 Cal.App.5th 275, 277 (*Reddish*).) "This court is without power to bestow jurisdiction on itself, nor may the

---

[4] An appellant's opening brief must "[s]tate that the judgment appealed from is final, or explain why the order appealed from is appealable." (Cal. Rules of Court, rule 8.204(a)(2)(B).)

[5] Further statutory references are to the Code of Civil Procedure.

4.

parties create jurisdiction by consent, waiver, or estoppel." (*Mid-Wilshire Associates v. O'Leary* (1992) 7 Cal.App.4th 1450, 1455.)

"The right to appeal is wholly statutory." (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5 (*Dana Point*).) Section 904.1 "lists appealable judgments and orders" in civil cases. (*Dana Point,* at p. 5.) Section 904.1 codifies "the one final judgment rule," which provides that an appeal is generally only allowable from a final judgment. (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 756.) Interlocutory orders generally " 'are not appealable, but are only "reviewable on appeal" from the final judgment.' " (*Doran v. Magan* (1999) 76 Cal.App.4th 1287, 1292–1293.) Section 904.1 sets forth exceptions to the one final judgment rule and identifies interlocutory orders that are appealable. (*City of Colton v. Singletary* (2012) 206 Cal.App.4th 751, 780.)

Neither an order denying a motion to quash an order for appearance and examination nor an order denying a motion to quash a subpoena duces tecum are listed in section 904.1. (§ 904.1, subd. (a)(1)–(14).) But this does not mean the order is not appealable. We examine in turn each of Luster's proffered bases for appealability.

## B. Appeal from the denial of a "special order"

We do not understand Luster's first offered ground for appealability. He contends this appeal is from "the denial of a 'special order.' " He does not identify the "special order" he is referring to. As best we can tell, Luster is arguing that the order denying his motion to quash was in effect an order improperly renewing an expired judgment. He seems to base this argument on the fact that Doe's ORAP application states that the judgment was entered in September 2003 and renewed in October 2017, more than 10 years later. We would reject this argument because the judgment has never expired.

Generally, a money judgment may not be enforced after 10 years from the date of its entry unless it is timely renewed. (§§ 683.110, subd. (a), 683.130.) Doe's judgment against Luster was entered in 2003, extended for the first time in 2012, and extended again in 2017. Luster's counsel, in his declaration in support of Luster's motion to quash,

stated that the judgment was renewed in 2010 and again in 2017. Though counsel was mistaken about when the judgment was first renewed—in 2012, not in 2010—counsel apparently knew the judgment has never expired. We are therefore unsure why Luster is asserting this basis of appealability. In any event, the order appealed from did not in effect renew an expired judgment.

### C.  Order after judgment

Luster next contends the order is appealable under section 904.1, subdivision (a)(2), as an order made after an appealable judgment. We disagree.

Under section 904.1, subdivision (a)(2), an appeal may be taken from an order made after an appealable judgment. But not all postjudgment orders are appealable. (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651 (*Lakin*).) Generally, "[t]o be appealable, a postjudgment order must satisfy two requirements: (1) the issues raised by the appeal from the order must be different from those arising out of the appeal from the judgment and (2) the order must affect, enforce, or stay execution of the judgment." (*SCC Acquisitions, Inc. v. Superior Court* (2015) 243 Cal.App.4th 741, 748.) Nonappealable postjudgment orders "tend to fall into two categories:  (1) orders that are preliminary to a later judgment[,] and (2) orders that pertain to the preparation of a record for use in a later appeal." (*Ibid.*)  "[T]he key test for finality … is whether the *challenged order* reflects a final determination of the rights or obligations of the parties or whether it contains language showing it is preparatory to a later ruling that will be embodied in an appealable judgment or order." (*Finance Holding Co. LLC v. The American Institute of Certified Tax Coaches, Inc.* (2018) 29 Cal.App.5th 663, 679 (*Finance Holding*).)

It is well-settled that a postjudgment discovery order against a judgment debtor is nonappealable. (*Rogers v. Wilcox* (1944) 62 Cal.App.2d 978, 979 (*Rogers*).)  The *Rogers* court held that no appeal lies from an order denying a motion to quash an order for the appearance of a judgment debtor because "[i]t was one of the steps taken in the course of a proceeding to obtain an order ….  It did not constitute a final order.  A court should not

be interrupted in the exercise of its jurisdiction until its judgment has become final. Error in the course of a proceeding does not warrant a review." (*Id.* at p. 979.) The *Finance Holding* court reinforced this rule of nonappealability, holding that an order compelling a judgment debtor's examination *or* production of documents "can be reasonably viewed as an intermediate step to enforcing the judgment against that judgment debtor." (*Finance Holding, supra,* 29 Cal.App.5th at pp. 679–680, italics omitted.) We follow *Rogers* and *Finance Holding* and conclude that the order appealed from here is nonappealable under section 904.1, subdivision (a)(2).

Luster argues that the order appealed from is a final judgment entered in a separate and distinct proceeding because the order was issued by the Madera County Superior Court, whereas the judgment was entered in Ventura County Superior Court. He cites *Dana Point, supra,* 51 Cal.4th 1 in support. There, the California Supreme Court held that a trial court's order compelling compliance with a legislative subpoena was appealable. (*Id.* at p. 4.) The Court distinguished legislative and administrative subpoenas from discovery orders. The Court recognized discovery orders generally are not appealable because they " 'are made in connection with pending lawsuits which have yet to be resolved. A discovery order does not determine all of the parties' rights and liabilities at issue in the litigation.' " (*Id.* at p. 10.) By contrast, court orders compelling compliance with either legislative or administrative subpoenas are final and appealable judgments because they leave no issue for future consideration except the fact of compliance or noncompliance with the terms of the order. (*Id.* at p. 11.)

The order denying Luster's motion to quash is not an appealable final judgment like the order appealed from in *Dana Point*. It makes no difference that the order was issued by the Madera court instead of the Ventura court. This is because no matter which California court entered the order denying Luster's motion to quash, "further … judicial action on the part of the court is essential to a final determination of the rights of the parties" here. (*Dana Point, supra,* 51 Cal.4th at p. 5.) The order denying Luster's

7.

motion to quash is but part of the proceedings to enforce Doe's judgment against Luster. By contrast, in the case of a court order compelling compliance with a legislative subpoena, no further court action is necessary. *Dana Point* does not support Luster's contention.

### D. Collateral order doctrine

Luster next contends the order appealed from is appealable as a collateral final order. We disagree.

The collateral order doctrine is a common law exception to the one final judgment rule "under which some interim orders are deemed appealable 'judgments' because they are essentially the same as a final judgment." (*Reddish, supra,* 68 Cal.App.5th at p. 278.) "To be appealable, a collateral order must satisfy three elements: the order must (1) finally determine (2) a matter collateral to the litigation and (3) require the payment of money or performance of an act." (*Ibid.*)

The second element is not satisfied. An order is not "collateral" if it is a "necessary step" to correct determination of the main issue in the case. (*In re Marriage of Grimes v. Mou* (2020) 45 Cal.App.5th 406, 419.) Here, the order denying Luster's motion to quash was a necessary step in enforcing Doe's judgment against him. The order was thus not collateral.

### E. Discovery order ancillary to litigation in another jurisdiction

The generalization that discovery orders are not appealable is inapplicable "where the order is ancillary to litigation in another jurisdiction and operates as the last word by a California trial court on the matters at issue." (*H.B. Fuller Co. v. Doe* (2007) 151 Cal.App.4th 879, 885–886 (*H.B. Fuller*).) Luster asserts the order appealed from is appealable under this theory. He cites *H.B. Fuller* and *Warford v. Medeiros* (1984) 160 Cal.App.3d 1035 (*Warford*), without offering any meaningful analysis. The order is not appealable under this theory.

"In *H.B. Fuller*, a plaintiff litigating in Minnesota against the defendant, an unknown former employee who allegedly posted confidential information online, served a California subpoena to compel an Internet service provider to identify the defendant. [Citation.]  The trial court denied the anonymous defendant's motion to quash the subpoena, and the defendant appealed.  The Court of Appeal held that the order was appealable because the discovery question presented by the defendant's motion to quash was the whole end and purpose of the discovery proceeding in California." (*Doe v. McLaughlin* (2022) 83 Cal.App.5th 640, 647.)

In *Warford*, the plaintiffs in a civil action filed in Hawaii filed in San Francisco County Superior Court an order to show cause why three nonparty deponents should not have to provide deposition testimony and certain documents.  (*Warford, supra,* 160 Cal.App.3d at p. 1038.)  The court denied the plaintiffs' application, except that the nonparty deponents were ordered to give certain identifying information.  (*Id.* at p. 1039.) The plaintiffs appealed, and the threshold issue for the appellate court was "whether the trial court's order denying the major portion of plaintiffs' application is final and appealable." (*Ibid.*)  The court held the order was appealable, observing, "[A] party normally may not appeal from a discovery order.  [Citations.]  …  However, we think an exception to the general rule exists where, as here, no final review of the underlying action will take place in a California forum." (*Id.* at pp. 1040–1041.)

*H.B. Fuller* and *Warford* are distinguishable.  The order appealed from here will not be the last word by a California court on the matters at issue in this case.  (*H.B. Fuller, supra,* 151 Cal.App.4th at pp. 885–886.)  Any review of the postjudgment proceedings will take place in a California forum.  (*Warford, supra,* 160 Cal.App.3d at pp. 1040–1041.)  *H.B. Fuller* and *Warford* instruct that the ancillary discovery order exception to the nonappealability rule applies only when a discovery order is issued in California requiring production of information to be used in an action pending in another

state.  This case involves an order issued by a California court requiring production of information to be used to enforce a California judgment.

## II.  Writ relief

Luster argues that, if the order is not appealable, we should not dismiss the appeal, but treat it as a petition for a writ of mandate and review the merits of his challenge to the order denying his motion to quash.  "An appellate court has discretion to treat a purported appeal from a nonappealable order as a petition for writ of mandate, but that power should be exercised only in unusual circumstances.  [Citation.]  'A petition to treat a nonappealable order as a writ should only be granted under extraordinary circumstances[.]' "  (*H. D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1366–1367.)

If the law is clear that an order is not appealable, the appellate court may dismiss an appeal from a nonappealable order and refuse to deem the matter as a writ petition.  The court in *Mid-Wilshire Associates v. O'Leary* (1992) 7 Cal.App.4th 1450 (*Mid-Wilshire*), did just that.  There, the plaintiff-appellant appealed from an order denying its petition to vacate or correct an arbitration award as well as from an earlier order compelling arbitration of its claims.  (*Id.* at p. 1452.)  In dismissing the appeal, the court recognized that no appeal lies from an order *denying* vacation or correction of an arbitration award.  (§ 1294, subd. (b).)  Instead, an appeal lies only from an order *dismissing* a petition to confirm, correct, or vacate an award.  (*Ibid.*)  Since an order denying vacation or correction of an award is not appealable, it may be reviewed "upon appeal from the judgment of confirmation or by writ of mandate."  (*Mid-Wilshire*, at pp. 1454–1455.)

Even recognizing the order could be reviewed by a petition for writ of mandate, the *Mid-Wilshire* court declined to treat the improper appeal as a writ petition.  (*Mid-Wilshire, supra,* 7 Cal.App.4th at p. 1455.)  The court explained that "the interests of justice would not be served by treating the appeal as a petition for writ of mandate.  The

10.

record reflects that appellant deliberately appealed from the order denying its motion to vacate or correct so that it could prevent entry of a confirmation judgment. We will not engage in speculation as to appellant's motivations for so doing, but appellant must live with the consequences of its trial court strategy." (*Ibid.*) The court added that treating the appeal as a writ petition would "encourage parties to knowingly appeal from nonappealable orders, safe in the knowledge that their appeal will be 'saved by the appellate courts.' We cannot condone or encourage such practice." (*Id.* at p. 1456.)

We decline to consider this appeal a petition for writ of mandate.

## DISPOSITION

Lynn Doe's motion to dismiss the appeal is granted and the appeal is dismissed. Doe is awarded her costs on appeal.


                                                        SNAUFFER, J.

WE CONCUR:


PEÑA, Acting P. J.


SMITH, J.

11.