Filed 6/28/24  P. v. Perez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MARCOS PEREZ,<br><br>    Defendant and Appellant. | F086417<br><br>(Super. Ct. No. F23900058)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Alvin M. Harrell, III, Judge.

Vicki Highwater, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Sally Espinoza, Deputy Attorneys General for Plaintiff and Respondent.

-ooOoo-

On January 3, 2023, defendant Marco Perez stole a moped-style scooter from J.M. On April 5, 2023, Perez was convicted by a jury of second degree robbery. Perez was sentenced to an aggregate term of nine years. Perez argues that the conviction was not supported by substantial evidence and that the trial court abused its discretion by declining to strike the prior serious felony conviction enhancement. The People disagree. We affirm.

## PROCEDURAL HISTORY

On March 30, 2023, the Fresno County District Attorney filed a first amended information charging Perez with second degree robbery (Penal Code,[1] § 211; count 1). The first amended information also alleged that Perez had suffered a prior strike conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and that Perez had suffered a prior serious felony conviction (§ 667, subd. (a)(1)). Finally, the first amended information alleged three aggravating factors.

On April 5, 2023, Perez was found guilty by a jury on count 1. At a bifurcated court trial on that same day, the trial court found true the prior strike allegation, the prior serious felony allegation, and all three aggravating factors.

Perez was sentenced on May 10, 2023. The trial court imposed an aggregate term of nine years (the mitigated term of two years, doubled to four years due to the prior strike conviction, as well as five years for the prior serious felony enhancement).

On June 12, 2023, Perez filed a notice of appeal.

## FACTUAL SUMMARY

**The Prosecution's Case**

J.M., who was 11 years old at the time of trial, got a red moped-style scooter for Christmas. On January 3, 2023, J.M. and a few of his friends were taking turns riding the

---

[1] All further undesignated statutory references are to the Penal Code.

scooter. One of J.M.'s friends, N.R., was on the scooter when Perez approached on a bicycle.

Perez asked J.M. how fast the scooter went, asked to test drive it, and offered to buy it for $500 or $700. J.M. and N.R. did not allow Perez to test drive it, and J.M. stated that he would not sell it for that amount but would sell it for $1,000. Perez said that was too much, rode approximately eight yards away, and then came back.

When Perez came back, J.M. was on the scooter. Perez told J.M. to get off the scooter. One of Perez's hands was in his pocket, and J.M. thought Perez had a knife because he saw a sharp object bulging out of Perez's pocket. The object was shaped like a triangle at the top, was slanted, and was pointed at J.M. However, J.M. was not able to see exactly what Perez was holding, and it could have been a wallet or keys.

At this point, J.M. was scared. He gave Perez his scooter, even though he did not want to. Perez dropped his bike and rode off on the scooter. N.R. watched Perez leave.

J.M. and his friends looked for Perez for approximately 10 to 15 minutes and then went to get J.M.'s dad. J.M.'s dad called the police, and Fresno Police officers were dispatched.

Officer Nicholas Quisenberry searched the area. Approximately 20 minutes after the initial call, Quisenberry located Perez, who was operating a bright red moped-style scooter. Perez was a couple of blocks away from where the incident occurred.

Quisenberry detained Perez. Quisenberry conducted a cursory patdown search of Perez for weapons, but he did not find any. The police took J.M. and N.R. to the place Perez was detained. J.M. and N.R. saw the man who took the scooter (Perez), as well as the scooter.

**Perez's Case**

Perez called H.F., J.M.'s father, as a witness. On January 3, 2023, J.M. came home and told H.F. that someone just stole his scooter. Both N.R. and J.M. told H.F. that

3.

someone pulled a knife on them and took the scooter. J.M. also told H.F. that he did not see the knife, but the "indentment" in the man's pocket looked like a knife.

Perez also called Officer Alan Soghoian as a witness. Soghoian located Perez's bicycle near the area where the incident occurred.

## DISCUSSION

### I.    Substantial Evidence Supports the Conviction

#### A.  *Applicable Law and Standard of Review*

"Robbery is the taking of 'personal property in the possession of another against the will and from the person or immediate presence of that person accomplished by means of force or fear and with the specific intent permanently to deprive such person of such property.' " (*People v. Burney* (2009) 47 Cal.4th 203, 234.) "If the defendant does not harbor the intent to take property from the possessor at the time he applies force or fear, the taking is … not a robbery." (*People v. Davis* (2005) 36 Cal.4th 510, 562; accord, *People v. Wallace* (2008) 44 Cal.4th 1032, 1077 ["The intent to steal must be formed either before or during the commission of the act of force"].)

When evaluating a sufficiency of evidence claim, " 'we review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' " (*People v. Cravens* (2012) 53 Cal.4th 500, 507.) "The test for evaluating a sufficiency of evidence claim is deferential." (*People v. Flores* (2020) 9 Cal.5th 371, 411.) "We must presume in support of the judgment the existence of every fact that the trier of fact could reasonably deduce from the evidence." (*People v. Medina* (2009) 46 Cal.4th 913, 919.) "We must also 'accept logical inferences that the jury might have drawn from the circumstantial evidence.' " (*People v. Flores*, *supra*, at p. 411.) "The conviction shall stand 'unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction]." ' " (*People v. Cravens*, *supra*, at p. 508.)

### B. Analysis

Perez argues there was insufficient evidence to show that J.M. gave Perez the scooter as a result of fear or that Perez intended to permanently deprive J.M. of the scooter. The People disagree.

Perez's arguments are not persuasive. J.M. testified that Perez told him to get off the scooter while Perez pointed a sharp object at J.M. through his pocket. While J.M. did not see the object, which was shaped like a triangle at the top and slanted, he thought it was a knife. J.M. further testified that he did not want to give Perez his scooter and only did so because he was scared. While N.R. testified that he was not scared and he did not believe J.M. was scared, N.R. also testified that he was worried for J.M. and that J.M. gave Perez the scooter because J.M. did not want anything to happen to J.M. Finally, both J.M. and N.R. testified that Perez then left on the scooter and they could not find him after searching for approximately 10 to 15 minutes.

This is substantial evidence from which a reasonable trial of fact could find, beyond a reasonable doubt, that J.M. gave Perez the scooter as a result of fear. (*People v. Collins* (2021) 65 Cal.App.5th 333, 340 ["In this context, fear means ' "sufficient fear to cause the victim to comply with the unlawful demand for his property" ' "].) This is also substantial evidence from which a reasonable trier of fact could find, beyond a reasonable doubt, that Perez intended to permanently deprive J.M. of his scooter. (*People v. Morales* (1993) 19 Cal App.4th 1383, 1391 ["an intent to permanently deprive someone of his or her property may be inferred when one unlawfully takes the property of another"]; *People v. Poindexter* (1967) 255 Cal.App.2d 566, 569 ["In a robbery case, the state has the burden of proving felonious intent, and that intent may be inferred when one takes the property from another by force or fear"].)

And even if Perez is correct that there is some evidence in the record from which the jury could have reasonably concluded that J.M. was not actually afraid or that Perez intended to return the scooter, reversal is not warranted. (*People v. Lee* (2011) 51 Cal.4th

5.

620, 632 [" 'Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. [Citation.] We resolve neither credibility issues nor evidentiary conflicts; we look for substantial evidence' "]; *People v. Flores*, *supra*, 9 Cal.5th at p. 411 ["We must … 'accept logical inferences that the jury might have drawn from the circumstantial evidence' "].)

Accordingly, substantial evidence supports Perez's conviction and his claim fails.

## II.  Perez's Claim of Error Under Section 1385

### A. *Additional Background*

On May 10, 2023, the trial court held Perez's sentencing hearing. The trial court denied Perez's request to strike the prior strike conviction and the prior serious felony conviction enhancement, stating:

> "[The] Court took a hard long look at this case to determine whether or not it would be appropriate to strike the strikes in this case. The Court, after considering everything, [Perez's] prior criminal history, the nature of the strike, the age of the strike, and the current offense, the Court is going to respectfully deny the request to strike the strike.
>
> "This is [Perez's] eighth felony conviction, he was on a grant of PRCS [post-release community supervision] when the crime was committed. His past performance on probation and on parole, PRCS has been less than stellar. There have been no less than -- so it's three prior parole violations, there have been multiple post community supervision release violations, he's had opportunities with flash incarceration on a number of occasions, and it simply has not worked."

The trial court then noted that it could impose the aggravated term, but instead chose the mitigated term of two years. Given the prior strike and the prior serious felony conviction enhancement, Perez was sentenced to an aggregate term of nine years.

### B. *Analysis*

Perez argues that the trial court abused its discretion when it denied Perez's request to strike the prior serious felony enhancement pursuant to section 1385. Specifically, Perez argues that the trial court failed to give great weight to two mitigating factors and "failed to articulate findings as to how public safety would be negatively impacted should the court fail to impose the serious felony enhancement." The People argue that Perez forfeited this claim, and even if he did not, the trial court did not abuse its discretion. We agree with the People.

### i. Defendant Forfeited This Claim

" 'A party in a criminal case may not, on appeal, raise "claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices" if the party did not object to the sentence at trial. [Citation.] The rule applies to "cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or give a sufficient number of valid reasons." ' " (*People v. Scott* (2015) 61 Cal.4th 363, 406.) "Strong policy reasons support this rule: 'It is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided. [Citations.]' [Citation.] ' " ' "The law casts upon the party the duty of looking after his legal rights and of calling the judge's attention to any infringement of them. If any other rule were to obtain, the party would in most cases be careful to be silent as to his objections until it would be too late to obviate them, and the result would be that few judgments would stand the test of an appeal." ' " [Citation.]' " (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114; accord, *People v. Salazar* (2016) 63 Cal.4th 214, 239-240; *People v. French* (2008) 43 Cal.4th 36, 46.)

Perez is correct that the trial court did not specifically state that it gave great weight to any mitigating factor or make a finding on the record that dismissal of the

7.

enhancement would endanger public safety. However, the reason appears to be because it was not asked to. As admitted by Perez, "defense counsel did not explicitly argue that the court must give great weight to dismissal of the enhancement due to the presence of two mitigating factors, unless and until the court found that dismissal would endanger public safety." Moreover, Perez did not object that the trial court failed to make an express finding that relief would endanger public safety or otherwise call the trial court's attention to what he now characterizes as errors entitling him to relief from the trial court's ruling, and there is no indication that he did not have an opportunity to do so.

Had Perez objected or otherwise alerted the trial court to the errors he now complains of, the errors could have been corrected or the record otherwise developed as to the issues. "[A] party cannot argue on appeal that the trial court erred in failing to conduct an analysis it was not asked to conduct" (*People v. Fruits* (2016) 247 Cal.App.4th 188, 208, fn. omitted), and strong policy reasons support application of the rule in the situation presented in this case (*People v. Stowell*, *supra*, 31 Cal.4th at p. 1114).

### ii. Perez's Ineffective Assistance of Counsel Argument Fails

Perez, for the first time in his reply brief, argues that if the claim was forfeited, defense counsel provided ineffective assistance and we should consider the section 1385 claim even if it was forfeited. This argument fails.

Perez has the burden of proving ineffective assistance of counsel. (*People v. Pope* (1979) 23 Cal.3d 412, 425, overruled on other grounds in *People v. Berryman* (1993) 6 Cal.4th 1048, 1081, fn. 10.) To establish such a claim, a defendant must show (1) his counsel's performance fell below an objective standard of reasonableness and (2) prejudice, that is, but for counsel's unprofessional error a different result would have been reasonably probable. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 694 (*Strickland*); *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.) "A reasonable probability is a probability sufficient to undermine confidence in the outcome."

(*Strickland*, at p. 694.)  "Because of the difficulties inherent in making the evaluation [of counsel's performance], a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' "  (*Id*. at p. 689.)

"It is … particularly difficult to establish ineffective assistance of counsel on direct appeal, where we are limited to evaluating the appellate record.  If the record does not shed light on why counsel acted or failed to act in the challenged manner, we must reject the claim on appeal unless counsel was asked for and failed to provide a satisfactory explanation, or there simply can be no satisfactory explanation."  (*People v. Scott* (1997) 15 Cal.4th 1188, 1212.)

Here, the record does not shed light on the reason defense counsel did not object to the trial court's ruling on the grounds that the trial court did not provide great weight to factors in mitigation or make a finding of dangerousness, defense counsel was not asked why he failed to act, and there is a satisfactory explanation for the failure.

Counsel is presumed competent and to be familiar with the relevant law. (*Strickland, supra*, 466 U.S. at p. 690; *People v. Barrett* (2012) 54 Cal.4th 1081, 1105). Additionally, in the sentencing memorandum in mitigation, defense counsel argued that the strike prior should be dismissed; cited to section 1385, subdivision (c), for the proposition that there is a presumption of dismissal when the prior conviction is more than five years old; and argued that the middle term was appropriate.  Thus, defense counsel directed the trial court's attention to the presumption of dismissal in section 1385, subdivision (c), and nothing in the record shows that defense counsel did not know the relevant law or that defense counsel failed to advocate for his client.  While Perez is correct that defense counsel could have "more fully argue[d] the application of section 1385," Perez has not shown that the failure to do so fell below an objective standard of reasonableness.

Moreover, there can be a satisfactory explanation for defense counsel's failure to object or make further arguments regarding section 1385, subdivision (c). After the trial court denied Perez's request without stating that it gave great weight to any mitigating factor or making a finding on the record that dismissal of the enhancement would endanger public safety, the trial court stated that it could impose the upper term but would instead impose the mitigated term. While defense counsel could have objected on the ground that the trial court failed to properly apply section 1385 and/or asked the trial court to make findings on the record, imposition of the mitigated term of four years instead of the upper term of 10 years resulted in a reduced sentence of six years. This was a better outcome than if the trial court struck the five-year prior serious felony enhancement but imposed the upper term (which the trial court twice said was justified). It also went against the 15-year recommendation from the People, and not even defense counsel had argued that imposition of the mitigated term was appropriate.

As the People did not object or otherwise respond to the trial court's ruling, and as the trial court imposed the mitigated term even though defense counsel had argued for imposition of the middle term, defense counsel may have made the strategic decision to accept the leniency that was provided and not invite further argument regarding the sentence.

Accordingly, Perez's ineffective assistance of counsel argument fails, and we need not address the forfeited issue to foreclose an ineffective assistance of counsel claim.

### iii. The Trial Court Did Not Abuse Its Discretion in Denying Defendant's Request to Strike the Prior Serious Felony Conviction Enhancement Pursuant to Section 1385

Even if Perez's claim of error was not forfeited, his argument fails.

On January 1, 2022, Senate Bill No. 81 (2021-2022 Reg. Sess.) (Senate Bill No. 81) went into effect (Stats. 2021, ch. 721, § 1), amending section 1385 "to specify factors that the trial court must consider when deciding whether to strike enhancements from a

defendant's sentence in the interest of justice." (*People v. Sek* (2022) 74 Cal.App.5th 657, 674.)

Section 1385, subdivision (c)(1), provides: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." Section 1385, subdivision (c)(2), provides: "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others."

Two of the mitigating circumstances are applicable here. Perez was a juvenile when he committed the prior serious violent felony (§ 1385, subd. (c)(2)(G)), and the conviction is over five years old (§ 1385, subd. (c)(2)(H)).

A trial court's decision not to dismiss an enhancement pursuant to section 1385, subdivision (c), is reviewed for abuse of discretion. (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.) Additionally, "[w]hen being sentenced, a defendant is entitled to decisions made by a court exercising informed discretion. [Citation.] A court acting while unaware of the scope of its discretion is understood to have abused it." (*People v. Tirado* (2022) 12 Cal.5th 688, 694.)

Perez argues that the trial court "did not give great weight to the presence of two section 1385 mitigating circumstances" and did not make an explicit finding that dismissal of the enhancement would endanger public safety. Perez asks us to remand the case to the trial court for resentencing.

Courts of Appeal are split regarding how to construe and apply section 1385, subdivision (c)(2), when mitigating circumstances are present. (Compare *People v. Walker* (2022) 86 Cal.App.5th 386, 398, review granted Mar. 22, 2023, S278309 ["'[T]rial courts are to rebuttably presume that dismissal of an enhancement is in the furtherance of justice (and that its dismissal is required) *unless* the court makes a finding that the resultingly shorter sentence due to dismissal 'would endanger public safety' "] with *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1098, review granted Apr. 12, 2023, S278894 [While the enumerated mitigating circumstances are to be provided great weight, "the ultimate question before the trial court remains whether it is in the furtherance of justice to dismiss an enhancement"].) We do not address this split because even if Perez is correct that a trial court must dismiss an enhancement unless it makes a finding that dismissal would endanger public safety, on this record we presume that the trial court made the required findings. Moreover, it was not an abuse of discretion to make this finding.

As discussed above, Perez is correct that the trial court did not state on the record that it gave great weight to any mitigating factor or make a finding that dismissal of the enhancement would endanger public safety. However, " '[t]he trial court [was] not required to state reasons for declining to exercise its discretion under section 1385' [citations], and 'is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary.' " (*People v. Brugman* (2021) 62 Cal.App.5th 608, 637; see also *People v. Weddington* (2016) 246 Cal.App.4th 468, 492 ["On appeal, we presume that the trial court followed established law and thus properly exercised its discretion in sentencing a criminal defendant"]; *People v. Thomas* (2011) 52 Cal.4th 336, 361 ["In the absence of evidence to the contrary, we presume that the court 'knows and applies the correct statutory and case law' "].)

And here, there is no evidence that the trial court did not know of the amendments to section 1385 or that the trial court did not apply section 1385 correctly. Instead, it

appears that the trial court did not make any findings on the record pursuant to section 1385 because it was not asked to do so. Like defense counsel's sentencing memorandum in mitigation, the trial court focused on whether the prior strike conviction should be dismissed. Moreover, the sentencing hearing was held on May 10, 2023, which was more than 16 months after Senate Bill No. 81 went into effect, and both the sentencing memorandum in mitigation and the probation report mentioned the presumption of dismissal pursuant to section 1385, subdivision (c). Additionally, we find no evidence in the record to rebut the presumption.[2]

Accordingly, we presume that the trial court knew the relevant law and applied it correctly.

Perez makes several other arguments as to why the case should be remanded for resentencing, but none are persuasive.

Perez argues that substantial evidence does not support a finding that dismissal of the enhancement would endanger public safety.[3] We disagree. There is evidence that in 1985, Perez was convicted of assault with a deadly weapon, with a great bodily injury enhancement. From that time to the time of the current offense, Perez was convicted of numerous felonies. And in this case, Perez was convicted of second degree robbery, which is classified as a violent felony. (§ 667.5, subd. (c)(9).) While Perez did not injure anyone, at the age of 56 he stole a scooter from a child who was found to be a particularly

---

[2] We also note that the record highlights how the trial court balanced various factors and did not simply impose a sentence without thought. The trial court noted Perez's lengthy criminal history, parole violations, PRCS violations, and stated that the upper term was appropriate, yet it resisted imposing the maximum sentence available, demonstrating it engaged in an exercise of discretion.

[3] Abuse of discretion occurs when the trial court's findings of fact are not supported by substantial evidence. (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711.) Substantial evidence is " 'evidence that is reasonable, credible, and of solid value.' " (*People v. Cravens*, *supra*, 53 Cal.4th at p. 507; *People v. Reyes* (2023) 14 Cal.5th 981, 988.)

vulnerable victim. Additionally, that child testified that, based on Perez's actions, he believed Perez had a knife and only gave Perez his scooter because he was afraid. Finally, Perez was on a grant of PRCS when he committed the current offense, and he has a history of PRCS and parole violations. Accordingly, substantial evidence supports the facts necessary for a finding that there is a likelihood that dismissal of the enhancement would result in "physical injury or other serious danger to others" (§ 1385, subd. (c)(2)), and this presumed finding was not an abuse of discretion.

Relying on *Sarmiento v. Superior Court* (2024) 98 Cal.App.5th 882, Perez also argues that as "[t]he trial court made no assessment of [Perez's] risk to public safety upon release if the enhancement was dismissed … it acknowledged that there was none." In *Sarmiento*, the defendant requested mental health diversion pursuant to section 1001.36. (*Sarmiento*, at p. 886.) The trial court denied the request, in part because it found that the defendant " ' pose[d] an unreasonable risk of danger to the public.' " (*Id*. at p. 890.) While the trial court acknowledged that section 1001.36 provided a specific definition of the term "unreasonable risk of danger to public safety," the trial court did not make its finding pursuant to that definition but instead pursuant to its " 'residual' discretion." (*Sarmiento*, at p. 886.) Given the trial court's choice to reference the residual clause instead of making a finding pursuant to the statutory definition, the *Sarmiento* court found that the trial court "impliedly acknowledg[ed]" that the defendant did not pose a risk of danger to public safety as defined by the statute. (*Id.* at p. 895.)

*Sarmiento* is readily distinguishable. Here, the trial court did not make any specific rulings regarding section 1385 or its presumptions. Accordingly, we cannot say that the trial court impliedly acknowledged that Perez did not pose a danger pursuant to the statutory definition. Moreover, as discussed above, we presume that the trial court knew and followed the law. Accordingly, this argument fails.

Perez also argues that "it is impossible to review the court's exercise of discretion here, because the court did not articulate any facts or reasoning for how failing to dismiss

14.

the enhancement would endanger public safety," and asks us to reverse on this basis. However, as discussed above, it appears that the trial court did not provide its reasoning on the record because Perez did not ask it to do so, and this is a reason to treat the argument as forfeited, not to remand for resentencing. Accordingly, this argument fails as well.

Based on the foregoing, even if Perez did not forfeit his claim of error under section 1385, it fails on the merits.

## DISPOSITION

The judgment is affirmed.

SMITH, J.

WE CONCUR:

POOCHIGIAN, Acting P. J.

DE SANTOS, J.