Filed 4/24/26  Dent v. City of Alameda Housing Authority CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| AMARRAH DENT,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CITY OF ALAMEDA HOUSING<br>AUTHORITY,<br><br>    Defendant and Respondent. | A173084<br><br>(Alameda County<br>Super. Ct. No. 23CV032887) |

**MEMORANDUM OPINION**[1]

Amarrah Dent appeals a judgment denying her petition for a writ of mandate and a postjudgment order denying her motion to strike prejudgment costs.  We dismiss the appeal of the judgment because it is untimely.  Further, we affirm the costs order because Dent's briefs do not mention it at all, waiving any appeal.

**BACKGROUND**

1.  *Administrative Proceedings*

In 2020 the City of Alameda Housing Authority notified Amarrah Dent it intended to terminate her housing assistance based partly on alleged fraud.

_____

[1] Cal. Stds. Jud. Admin., § 8.1; Ct. App., First Dist., Local Rules of Ct., rule 19.

1

That notice began an administrative process that lasted two and a half years. During that process, a hearing officer found Dent did engage in fraud and Dent agreed to repay $30,945 per a written monthly installment agreement. After Dent failed to make multiple payments, the housing authority notified her on December 1, 2022, it intended to terminate her assistance based on her breach of the agreement.

In 2023 the parties appeared at a hearing "to determine whether the [housing authority] complied with applicable law . . . pertaining to its decision dated December 1, 2022 to terminate [Dent's assistance]." In a thorough written decision, the hearing officer found Dent knowingly signed the agreement, not under duress, and understood her agreed obligations despite an asserted disability; Dent "actively avoided" her obligations under the agreement, which she knowingly breached; the housing authority exhausted adequate measures to avoid terminating Dent's assistance; and Dent was unlikely to comply with future repayment obligations. Based on those findings, the hearing officer upheld the housing authority's decision of December 1, 2022.

## 2.    *Trial Court Proceedings*

### a.    *Dent's Writ Petition and the Judgment*

Representing herself, Dent petitioned the Alameda Superior Court for a writ of mandate to set aside the housing authority's decision, alleging disability discrimination and "a range of due process violations." After a contested hearing, the court entered judgment on October 4, 2024, denying the petition and awarding the housing authority "costs of suit as determined by a Memorandum of Costs." Dent then moved for reconsideration, which the court denied partly as untimely. The housing authority served notice of entry of judgment on Dent by mail on November 1, 2024.

2

b.    *The Housing Authority's Costs Memorandum*

On October 18, 2024, the housing authority filed and served its costs memorandum on Dent by mail.  Thirty-eight days later, on November 25, Dent filed a motion to strike costs, which the housing authority opposed as untimely.  The court agreed and denied the motion in a written order on April 1, 2025 (costs order), adding:  "Even if the court were to reach the merits of Petitioner's argument, the court would deny the motion because Petitioner is simply re-arguing the issues concerning the original petition. . . ."  The court clerk served the costs order on Dent by mail the same day.

### 3.    *The Notice of Appeal*

Still representing herself, Dent appealed on April 14, 2025.  The notice of appeal identifies the appealed order as a "[j]udgment after an order granting a summary judgment motion" that "directs payment of sanctions" entered on "4/1/25," and attaches the costs order.  Dent's opening brief, however, unequivocally says, "This appeal is taken from the final judgment of the Alameda County Superior Court in case no. 23CV032887," and concludes, "Appellant respectfully requests that this Court reverse the trial court's judgment . . . ."  (Boldface omitted.)  Her reply brief consistently urges "the judgment must be reversed."  Neither of her briefs mentions the costs order at all.

### 4.    *Appellate Court Proceedings*

Before the appellate record was filed, the housing authority moved to dismiss the appeal on two grounds:  The appeal of the judgment is untimely; and the appeal of the costs order is frivolous because Dent's trial court motion to strike was untimely.  This court ordered:  "Appellant's appeal is untimely to the extant [*sic*] it challenges the judgment entered on October 4, 2004 [*sic*].

[Citations.] However, consideration of respondent's motion to dismiss is deferred to the decision of this appeal on its merits. [Citation.] [¶] In their respective appellate briefs, the parties shall address whether the April 1, 2025 order is appealable as a postjudgment order."

Initially, Dent failed to file an opening brief, so the appeal was dismissed. Dent swiftly moved to vacate the dismissal, emphasizing, "The dismissal resulted from procedural error—specifically, the rejection of a motion to extend time because it was unsigned. . . ." Granting the motion, this court reinstated the appeal, including the housing authority's motion to dismiss, and again ordered the parties to brief whether the costs order is appealable.

## DISCUSSION

### 1. *The appeal of the October 2024 judgment is untimely.*

Per the Appellate Rules (Cal. Rules of Court, rule 8.1 et seq.), to appeal an appealable trial court judgment or order, a party must file a notice of appeal within 60 days of service or 180 days of entry of the judgment or order, whichever is earlier. (Cal. Rules of Court, rules 8.100(a)(1), 8.104(a)(1); see *id.*, rules 8.104(e), 8.7, 1.5(b) [*judgment* is any appealable order; *must* is mandatory].) In the absence of authorization by law or a public emergency, no court can extend the deadline or relieve a party from the failure to meet the deadline, "even for reasons of equity," " ' "mistake, inadvertence, accident, or misfortune [citations]." ' " (Cal. Rules of Court, rules 8.104(a)(1), (b), 8.60(d); *In re A.R.* (2021) 11 Cal.5th 234, 255, fn. 5.) The consequence: "If a notice of appeal is filed late, the reviewing court must dismiss the appeal." (Cal. Rules of Court, rule 8.104(b); *Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56 ["once the deadline expires, the appellate court has no power to

4

entertain the appeal"]; accord, *K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 881–883.)

The housing authority's service by mail of notice of entry of judgment triggered the 60-day deadline to appeal the judgment. (Cal. Rules of Court, rule 8.104(a)(1)(B).) Service occurred on November 1, 2024; sixty days later was Tuesday, December 31, 2024, which was not a holiday. (See Cal. Rules of Court, rule 8.60(a); Code Civ. Proc., § 12 [how to count the 60 days].) While holidays extend the 60-day deadline, service by mail does not. (Code Civ. Proc., §§ 12, 12a, subd. (a), 1013, subd. (a); see *id.*, §§ 10, 12a, subd. (a), 12b, 135 [holidays defined].) Dent did not appeal until April 14, 2025. It follows that dismissal of the appeal as to the judgment is mandatory because Dent filed her notice of appeal 164 days after service of notice of entry of judgment—104 days late.[2]

## 2. *The costs order is an appealable postjudgment order.*

Despite this court's order to brief whether the costs order is appealable, Dent does not address the issue at all. The housing authority argues the costs order is not appealable, failing the test in *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644. The housing authority is wrong.

"A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) Because the right to appeal is statutory, an order is appealable only when a statute makes it so.

---

[2] Dent's postjudgment motion for reconsideration did not affect the time to appeal. Only a "valid" motion extends the time (Cal. Rules of Court, rules 8.104(a)(1), 8.108(e)), and Dent's motion was not a valid one: "After entry of judgment, the superior court [does] not have jurisdiction to entertain or decide a motion for reconsideration." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 859, fn. 29.)

(*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5; *Griset v. Fair Political Practices Com.*, at p. 696; see Code Civ. Proc., § 901 et seq.)  Code of Civil Procedure section 904.1 generally makes appealable an order that itself follows a final, appealable judgment.  (Code Civ. Proc., § 904.1, subd. (a)(2).)  But not every such order.  "To be appealable, a postjudgment order must satisfy two additional requirements":  (1) "the issues [in] the appeal from the order must [differ] from those [in] an appeal from the judgment"; and (2) " 'the order must either affect the judgment or relate to it by enforcing it or staying its execution.' "  (*Lakin v. Watkins Associated Industries, supra*, 6 Cal.4th at pp. 651–652 & fn. 3.)

We need not analyze whether the costs order passes the *Lakin v. Watkins Associated Industries* test because it is settled that it does: "A postjudgment order which awards or denies costs or attorney's fees is separately appealable."  (*Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 45–46 [order denying motion to tax costs]; accord, *Lakin v. Watkins Associated Industries, supra*, 6 Cal.4th at pp. 654–655 [dictum that the order in *Norman I. Krug Real Estate Investments, Inc. v. Praszker* "had a sufficient effect on the judgment or bore a sufficient relationship to its enforcement to be appealable"]; see *Segal v. ASICS America Corp.* (2022) 12 Cal.5th 651 [reviewing a trial court order on motion to tax costs].)

Though the costs order is appealable, Dent waives appeal of it because her briefs do not mention it at all.

### 3.    *The appeal of the costs order is waived.*

Generally, "a prevailing party is entitled as a matter of right to recover costs in any action or proceeding."  (Code Civ. Proc., §§ 1021, 1032, subd. (b), 1033.5.)  "[Costs must] be claimed and contested in accordance with rules

6

adopted by the Judicial Council." (Code Civ. Proc., § 1034, subd. (a).) Per the Civil Rules (Cal. Rules of Court, rule 3.1 et seq.): "Any notice of motion to strike or to tax costs must be served and filed 15 days after service of the cost memorandum. If the cost memorandum was served by mail, the period is extended as provided in Code of Civil Procedure section 1013." (Cal. Rules of Court, rule 3.1700(b)(1); Code Civ. Proc., § 1013, subd. (a) [5 days when the places of mailing and address are both in California].) The parties can agree to further extend this time. (Cal. Rules of Court, rule 3.1700(b)(3).) "After the time has passed . . . , the clerk must immediately enter the costs on the judgment." (Cal. Rules of Court, rule 3.1700(b)(4).)

A trial court's order on a motion to strike or tax costs is reviewable for abuse of discretion. (*Segal v. ASICS America Corp., supra*, 12 Cal.5th at p. 658.) However, a reviewing court presumes an appealed order is correct, and it is the appellant's burden to demonstrate the trial court committed reversible error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) To meet this burden, the Appellate Rules obligate the appellant to support each contention in the opening brief by argument under a separate heading with citations to legal authority and facts in the appellate record. (Cal. Rules of Court, rule 8.204(a)(1)(B), (C).) "This burden remains the same whether or not the respondent files a brief or provides argument or authority on an issue." (*Doe v. McLaughlin* (2022) 83 Cal.App.5th 640, 655.) "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785; accord, *Riley v. Alameda County Sheriff's Office* (2019) 43 Cal.App.5th 492, 506, fn. 9.) These rules apply equally to self-represented parties. (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520.)

The housing authority served its costs memorandum on Dent by mail on October 18, 2024. The deadline to file a motion to strike costs was 20 days later, Thursday, November 7, which was not a holiday; however, Dent did not file her motion until November 25. The parties do not assert and the record does not disclose either an agreement to extend the deadline or a motion for relief from the late filing. Following the Civil Rules, the trial court denied Dent's motion to strike as untimely, in the costs order. Yet, while the notice of appeal identifies the appealed order as entered on the same day as the costs order and attaches the costs order, Dent's briefs do not mention it at all; instead, her contentions are solely against the judgment. Dent therefore waives appeal of the costs order.

The housing authority urges dismissal of the appeal of the costs order on the ground of frivolity. Though a reviewing court has the inherent power to dismiss a frivolous appeal (*In re Marriage of Deal* (2022) 80 Cal.App.5th 71, 79), "we deem it appropriate to affirm the [costs order] rather than to dismiss the appeal as frivolous. Once the record has been reviewed thoroughly, little appears to be gained by dismissing the appeal rather than deciding it on its merits." (*People v. Wende* (1979) 25 Cal.3d 436, 443.)

## DISPOSITION

The housing authority's motion to dismiss is granted in part; the appeal of the judgment is dismissed. The costs order is affirmed. The housing authority is entitled to costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

Jackson, P. J.

WE CONCUR:

Burns, J.
Chou, J.

A173084/*Dent v. City of Alameda Housing Authority*